# EXHIBIT 15



**Boulder County**

Post Office Box 471 • Boulder, Colorado 80306

# Land Use Department

Courthouse Annex
2045 13th Street • 13th & Spruce Streets • Boulder, Colorado 80302 • (303) 441-3930

Page 1 of 17

---

**BOULDER COUNTY COMMISSIONERS
AGENDA ITEM
NOVEMBER 7, 2005
6:00 PM**

**NIWOT HIGHSCHOOL
AUDITORIUM**

---

## PUBLIC HEARING

**STAFF PLANNER:** Graham Billingsley, AICP

## DOCKET SU-04-008: ROCKY MOUNTAIN CHRISTIAN CHURCH SU/SSDP

**Request:** Amendment to Docket SU-97-12 requesting a 132,200 sq. ft. addition (classrooms, gymnasium, chapel, church), and an increase in the student population (Elementary and Middle School) from 380 to 540

**Location:** At 9447 Niwot Road, Northwest corner of Niwot Road and N. 95th Street, in Section 29, T2N, R69W.

**Zoning:** Agricultural (A)

**Applicant:** Rocky Mountain Christian Church / Rick Thielen

**Agent:** Rosi Koopmann, AICP / Strategic Planning, Inc.

**Planning Commission Review:** September 15, 2004

**RECOMMENDATION:** Planning Commission recommends denial of the application. Staff recommends denial of the application as submitted although supports expansion of the school building to accommodate the students presently housed in the temporary modular structures and the increase in seating from 1,400 to 1,550 seats in the sanctuary.

## BACKGROUND

The current facility consists of 108,600 square feet (sq. ft.) plus 7,200 sq. ft. of temporary modular units for the school. The application originally proposed ±152,200 sq. ft. of new construction including 12,000 sq. ft. of new balcony within the existing sanctuary worship space.

Tom Mayer
County Commissioner

Ben Pearlman
County Commissioner

Will Toor
County Commissioner

BC 000360 TRANS (06-cv-00554)

SU-04-008 Staff Recommendation
BOCC November 7, 2005

The proposed 12,000 sq. ft. sanctuary balcony and an 8,000 sq. ft. basement addition have been withdrawn from the application, reducing the proposed increase in square footage to 132,200 sq. ft. However, the bulk and footprint of the addition remains the same (78,589 sq. ft. existing and 132,200 sq. ft. new footprint). Taken together these revisions would result in a structures totaling 240,800 sq. ft. with a 60% increase to 1,245 parking spaces. The school is proposed to expand the number of students from 380 to 540. The sanctuary, with no additional square feet added, will be reconfigured to increase the seating from 1,400 to 1,550 seats. Also of note, the proposed gymnasium can function as overflow for the sanctuary services, thus traffic may not be significantly reduced from the original proposal, and parking areas may be utilized for dual purposes.

Originally, the applicant had proposed a new five-acre soccer field and detention pond at the north end of the property (within the existing conservation easement area). It was determined that this use is not consistent with the terms of the existing conservation easement. The soccer fields have been withdrawn from the proposal, and the detention pond has been relocated to the west side of the existing ball fields and outside the southern boundary of the conservation easement area.

The current use, as approved by the Board of County Commissioners, provides for Rocky Mountain Christian Church to operate with a 1,380-seat facility, a pre-school (Mom's Day out) for a maximum of 40 children, and the Rocky Mountain Christian Academy for kindergarten through eight grade with a maximum of 380 students (260 students K-6 and 120 students 7-8). The hours of school operation are 8:30 a.m. to 3:15 p.m. weekdays.

The existing facility (school and church) consists of 108,600 sq. ft. plus the temporary modular buildings for the middle school and including the 2,600 sq. ft. maintenance building. The application indicates that up to 250 (in some places the materials say 170) different community groups use the facility for a variety of events throughout the year (including 4-H, Girl Scouts, Boy Scouts, Habitat for Humanity, Our Center, County Sheriff's Department, Aging Services, etc.).

| Building | Existing sq. ft | Proposed sq. ft. | Total sq. ft. |
|---|---|---|---|
| Sanctuary | 52,000 | 0 | 52,000 |
| Administration/activity center | 22,700 | 0 | 22,700 |
| School* | 51,500 | 57,500 | 109,000 |
| Gymnasium | | 28,000 | 28,000 |
| Chapel | | 6,500 | 6,500 |
| Gallery | | 20,000 | 20,000 |
| Maintenance | 2,600 | 0 | 2,600 |
| TOTAL | 128,800 | 112,000 | 240,800 |

* This includes the modular buildings in the existing square foot measurement and although they are being

BC 000361 TRANS (06-cv-00554)

SU-04-008 Staff Recommendation
BOCC November 7, 2005

replaced, that equivalent square footage is not included in the proposed.

The applicant has requested approval of a Special Use Review Amendment and Site Specific Development Plan for the proposed construction of an addition to the west of the existing facility for expansion of the existing church and school classrooms. The total maximum number of elementary and middle school students would increase to 540 from the previously approved maximum of 380 students (260 students K-6 and 120 in the seventh and eight grades). The proposed 132,200 square foot addition includes classrooms, gymnasium, and chapel. The design of the facility is intended to appear as a cluster of smaller buildings rather than a massive building as viewed from 95th Street and Niwot Road. The proposed maximum building height is 49 feet above existing grade which is allowed in the Agricultural zoning district for non-residential structures.

This proposed expansion includes vegetative screening and grading. The grading involves the placement of landscape berms and excavation of parking areas to reduce visibility from neighboring properties. The berms will be placed near the northern entrance off N 95th Street and adjacent to the Quiet Retreat Subdivision, to the west. These berms are proposed to extend about 1,000 linear feet, and will be up to eight feet in height. The proposed storm water detention pond covers about 1.3 acres of land area. This will assist in screening the facility from the Quiet Retreat Subdivision.

The applicant notes that this proposal represents maximum build out of this site as was referred to on the 1998 Special Use Amendment site plan and noted in the 2003 approval of the temporary modular for the middle school. Weekday traffic for the school will increase from 1,500 daily trips to 2,000 average daily trips with morning peak hour at 368 trips. Weekend trips related to the sanctuary use will increase from the present 2,140 daily to 2,354 trips.

The Church recently purchased the adjacent five-acre ball field parcel adjacent to and north of the church grounds. This property is to remain as ball fields. The Church has proposed extinguishing the building right associated with this parcel to mitigate impacts from the proposed expansion.

## PREVIOUS APPLICATONS:

There have been multiple applications approved with regard to this parcel including: SE-84-034 Lot Split, SU-93-13 for a 20 child pre-school (no increase in building size), SU-94-16 "Mom's Day Out" for up to 40 children (no increase in building size), SU-97-12 to more than double the size and capacity of the facility, SU-00-21 (increase to the size of the church storage building and allowance for a grade 6 with no increase in the student population approved in the 1997 docket for the K-5 school), and SU-02-08 to install temporary middle school buildings, add a 7th and 8th grade and increase the student population. Note that this approval did not guarantee that the

gbillingsley@co.boulder.co.us

BC 000362 TRANS (06-cv-00554)

SU-04-008 Staff Recommendation
BOCC November 7, 2005
county would authorize any future expansion[1].

In 1997, Rocky Mountain Christian Church was a nonconforming use of 50,000 sq. ft. in size. Docket SU-97-12 proposed to make the church use an approved special use and to build a two-story addition consisting of 53,960 sq. ft. The total square footage proposed in that docket more than doubled the church's size to 103,960 sq. ft. During the building permit process additional space was required for stairs to the second floor for a second means of egress. The Church also added some storage area bringing the total to 108,600 sq. ft. The docket included a request expand the church seating capacity from 997 to 1,380. It also approved a private educational facility (kindergarten through fifth grade) for up to 260 students, and additions/modifications to the existing structure. The 1997 application originally included a request for kindergarten through eighth grade for up to 400 students; however, this was revised through the process based on concerns raised by County staff. As part of that approval, the applicant was required to combine the 15-acre property with their adjacent 35-acre parcel to provide a buffer to the west and north of the facility. In addition, the applicant agreed to grant a conservation easement (±15 acres) to the County on the northern most portion of the parcel to mitigate the impact of the development.

In 2000, (Docket SU-00-21) the applicant requested an amendment to Docket SU-97-12 which increased the size of the storage building (from 800 sq. ft. to 2,400 sq. ft.) and allowed for the private school to include grades K-6. This request was approved but did not provide for an increase in the number of children attending school. At that time, the size of the combined structures increased to 106,360 sq. ft. in size. As a condition of approval, the applicant was required to increase the amount of proposed landscaping and utilize a particular siding material (i.e., stucco, brick) that is compatible with the existing church building.

In 2002, the applicant applied for and was approved for the placement of a temporary modular unit that added approximately 7,200 sq. ft. (60' x 120') to the site (see Docket SU-02-008). RMCC was also approved to add grades 7 and 8. Enrollment was allowed to increase an additional 60 students for the 2003-04 school year, 100 students for the 2004-05 school year, and 120 students for the 2005-06 school year. The current approved total square footage on site is 113,560 sq. ft. Since the temporary modular school building is to be removed at the end of the 2005-2006 school year, the maximum existing square footage should be noted as 106,360 sq. ft. There seems to be some dispute as to whether the maintenance building should be included in

---

[1] - Condition 1 of SU-02-08 states "This approval does not provide any reliance to the applicant that any future application submitted to Boulder County for review will receive approval from Boulder County. The temporary modular unit shall be removed from the subject property within three months from the end of the 2005-2006 school year." Condition 6 of that approval furthers states "The applicants shall provide a Development Agreement, to be reviewed and approved by County staff, prior to recordation. The approval (expansion by 120 students and 5 faculty/staff, and temporary modular) shall be accorded a statutory vested right for a period of three years beginning on the date of adoption of Resolution 2003-59 (June 17, 2003), subject to all applicable terms and conditions set forth herein."

gbillingsley@co.boulder.co.us

BC 000363 TRANS (06-cv-00554)

SU-04-008 Staff Recommendation
BOCC November 7, 2005

this number. Consequently, the staff report is using the applicant's 108,600 sq. ft. estimate of existing building to simplify the analysis and provide consistency with the application documents.

The application indicates that the site also functions as a community-meeting hall with up to 250 community groups and organizations using the facilities as a meeting place. Parking will increase from 775 spaces to 1,245 spaces (a 60% increase). The traffic study was conducted for the original submittal so it shows traffic based on 2,400 seats in the sanctuary. It was not amended when the seating was reduced to 1,550, but the Transportation Department felt it was still useful for their assessment of this proposal since the traffic generated would be less. The school currently generates 1,500 average daily trips (ADTs). If approved, the proposed school expansion will generate 2,000 ADTs. The applicant notes that the estimated church traffic will not increase over the current levels of 2,140 ADTs; however, the application also suggests that the gymnasium may be used for church service overflow on Easter Sunday. The traffic engineer states that the activities other than school and worship use occur at off-peak times and do not significantly impact the roads, or traffic compared to the peak use of the proposal.

Use of the proposed facilities:
- Sanctuary – the sanctuary will be remodeled, but no additional square footage will be added. The seating will increase from the present 1,400 seats to a total of 1,550 seat
- Administration/activity center – This will remain the same size and have the same functions as it does today
- School – The existing school building will have some rooms remodeled. The proposal includes additional school building which will replace the temporary modular and expand the capacity of the school from 380 students to 540 students. The school buildings will also be used for Sunday school
- Gymnasium – This is a new building. It will be used as a fellowship meeting room and the sports ministry. In addition, the gymnasium will be used for the school, members of the church, and for overflow seating for up to 500 people for the sanctuary on Easter Sunday only. On no other day in the year will the gymnasium be used for overflow seating. There will be no community use of the gymnasium.
- Chapel –The chapel is a new building. It will primarily be used for Sunday school. It will also be used for occasional weddings, funerals, baptisms, etc.
- Gallery – This is a new open building connecting all the other principal buildings on the site except the maintenance building.
- Maintenance – This is an existing building which will be relocated next to the detention basin to the northwest of the gymnasium.

**REFERRAL RESPONSES:** This application was referred to the usual referral agencies and property owners within 1,500 feet for comment and all responses received by the Land Use Department are attached to this packet, and summarized below:

Page 5 of 17
File name: SU04008 BOCC staff rec.doc

gbillingsley@co.boulder.co.us

BC 000364 TRANS (06-cv-00554)

SU-04-008 Staff Recommendation
BOCC November 7, 2005

**NO CONFLICT:** St. Vrain Valley School District, but the District submitted a letter clarifying issues brought up by the applicant; County Sheriff's Department, County Health Department, Longmont Conservation District, and City of Longmont

## COUNTY TRANSPORTATION:

The Transportation Department reviewed the traffic study and engineering of the development and provided these comments:

1. The applicant must submit a complete set of construction documents as requested in the referral from this department dated May 14, 2004 for review and approval.

2. Transportation Department maintains its position that the eastern full movement access off of Niwot Road into the site should be removed; or, if deemed necessary, that it be changed to a right turn in/out movement access.

3. Any traffic impact resulting from this proposal that causes the transportation system to operate at a Level of Service lower than C must mitigated through measures reviewed and approved by the Transportation Department.

4. The applicant must obtain a construction permit for any improvements to the transportation system.

## COUNTY PARKS AND OPEN SPACE DIVISION:

The site has several comprehensive plan designations: Open Corridor, Streamside and Significant Agricultural Lands of National Importance. The property also has a County-held Conservation Easement, on part of the property

Parks and Open Space staff also offered three specific comments:
- Staff finds that the proposal contributes to the cumulative loss of the agricultural land base that could ultimately lead to agriculture becoming unviable in the county, contrary to the 25-year efforts of the Comprehensive Plan.
- The applicant should examine the feasibility of pervious paving options on new parking lots, and include biological "filtering" in detention pond design.
- Projections for the quantity of potable water used for landscaping should be included in the packet. A majority of the tree species should be xeriscape varieties.

**COUNTY BUILDING DIVISION:** Soils reports and building permits required.

**LEFT HAND WATER DISTIRICT:** No conflicts provided District requirements are met.

Page 6 of 17
File name: SU04008 BOCC staff rec.doc

gbillingsley@co.boulder.co.us

BC 000365 TRANS (06-cv-00554)

SU-04-008 Staff Recommendation
BOCC November 7, 2005

**MOUNTAIN VIEW FIRE PROTECTION DISTRICT**: No objection provided district requirements are met (adequate water supply for fire protection – sprinklers).

**NIWOT COMMUNITY ASSOCIATION (NCA)**: The NCA did not take a position on this proposal for the County Commissioners hearing. A bulletin / survey was conducted by the NCA in 2004. The results of the survey are as follows: 1,350 bulletins mailed, 21% of those returned in favor of the RMCC expansion, 79% noted opposition to the expansion.

**ADJACENT AND INTERESTED PROPERTY OWNERS, AND OTHER INTERESTED PEOPLE:**

Since the Planning Commission hearing, we have received over 120 letters and e-mails. These are divided in support or opposition. As of this date, October 31st, 55% of the correspondence is in favor of the application, and 45% is opposed. We also received a petition of opposition signed by 320 people.

Summary of supporting statements (not a complete list):
- Important community facility
- Need more faith based organizations
- Important education alternative
- Activities such as basketball and the Great Pumpkin Chase are important for the community
- Provides important services such as the school and day care.
- The reason they live here
- Niwot is not rural
- The church is a good neighbor
- The church helps everyone, not just members
- Very important place for community groups to meet who have no other alternative places
- The RMCC should expand even more then they propose
- Most traffic only occurs in off-peak times

Summary of opposing statements (not a complete list):
- Out of character, should be in an urban area
- It is too visible
- Traffic is too great causing congestion
- Traffic is incompatible with the semi-rural Niwot
- Fear of accidents, people ignore the signs now
- Niwot High and Niwot Elementary Schools house far more students in a smaller space therefore the school at RMCC doesn't need to be this big
- Incompatible with the Boulder County Comprehensive Plan

gbillingsley@co.boulder.co.us

BC 000366 TRANS (06-cv-00554)

SU-04-008 Staff Recommendation
BOCC November 7, 2005

- A business would not be allowed
- Isn't important to Niwot since over 90% of congregation comes from somewhere else
- Air and noise pollution
- It is too large already
- Light pollution will be a problem
- Niwot is 4 square miles, the RMCC service area is 150 square miles, it is too large for the community
- RMCC should add more services instead of more space
- Storm water drainage problems
- Obstruction of views because of height
- Attendance will be larger then the population of Niwot
- Churches should not get special treatment

Habitat for Humanity supports the expansion as a community partner.
Colorado Performance Academy supports the expansion.

**CRITERIA ANALYSIS:** The Land Use staff has reviewed the conditions and standards for approval of a Special Use Review per Section 4-600 of the Boulder County Land Use Code, and finds the following:

(1) **Complies with the minimum zoning requirements of the zoning district in which the use is to be established, and will also comply with all other applicable requirements;**

The subject site is zoned Agricultural (A). A church use, with accessory school and community meeting uses is permitted under this zoning, subject to review and approval through the special use process, where the proposal meets or exceeds any of the thresholds defined in Article 4-102 (F)(2) and provided that other minimum zoning requirements (such as height, setbacks, and parking) are met. The RMCC application triggers Special Use Review based on projected ADTs (exceeding 150), occupant load (exceeding 100 persons per lot), and total floor area (greater then 25,000 square feet) Article 4-102(F)(2)(d) states that Special Use Review is required when a project has a total floor area greater than 25,000 sq. ft., and that a parcel may have 1,800 sq. ft. of additional floor area for every additional five acres of parcel size above 35 acres, without triggering limited impact special review, but only if the owner grants the County a conservation easement on the property which prohibits any division of the property which would result in a violation of this Code, and prohibits the addition of structures to the property. Under Article 4-102(F), the 54-acre property could allow for a 6,678 sq. ft. addition over and above the allowed 25,000 sq. ft. This proposal at 240,800 sq. ft. by far, exceeds those parameters; hence, special use review is required, as opposed to limited impact special review.

gbillingsley@co.boulder.co.us

BC 000367 TRANS (06-cv-00554)

SU-04-008 Staff Recommendation
BOCC November 7, 2005

According to the Assessor records, Rocky Mountain Church acquired 15 acres (per SE-84-34) in 1985, and subsequently acquired an adjoining 35 acres in 1994. Based on the site plan submitted by the applicant the existing and proposed structure will meet all required setbacks. Based on the elevation drawings submitted by the applicant, it appears that the new addition will meet the zoning district's height limit. Note that if approved, height verification, in the form of a survey would be required at the time of a building permit. The Land Use Code requires one parking space for each 30 feet of worship area, plus any parking required for incidental uses. For kindergarten through middle school facilities, three parking spaces per classroom are required. The applicant is proposing 1,245 new parking spaces. Of note, the Land Use Code would require a total of 1,041 parking spaces if the addition were to be approved. Thus, a reduction in parking is likely warranted.

Staff finds that the proposal is consistent with Article 7-1403 Supplemental Requirements for Yards Along Major Roads, which requires all structures to meet minimum setback requirements of 110 feet as measured from the centerline of the road for principal arterials and 90 for collector roads. Note that the road classification changed in 1997 (see criteria analysis #2 below).

(2)   **Will be in harmony with the character of the neighborhood and compatible with the surrounding area;**

The immediate neighborhood is predominantly agricultural and rural in nature. Staff finds that the proposed development is urban in nature and is not in harmony with the character of the neighborhood nor is it compatible with the surrounding area.

The existing structure is highly visible from both Niwot Road and N. 95th Street. North 95th Street is designated as a principal arterial road. Note that Niwot Road was reclassified from a minor arterial to a collector in 1997 (see docket Z-97-01[2]).

In terms of neighborhood compatibility and the urban nature of this proposed development, staff undertook an analysis of the neighboring properties within 1,500 feet of the site. Using the Assessor's data, aerial photography, site observation, and other sections of this analysis, staff finds that the surrounding properties are primarily agricultural and rural in nature. The applicant's documentation, the Boulder County Comprehensive Plan, and the Land Use Code reinforce this.

There are a number of properties within 1,500 feet of the site. Most of these are residential or agricultural. There are three major developments in this area including

---

[2] Docket Z-97-1 states "This change will implement the change in the Boulder County Comprehensive Plan, Docket BCCP-97-01, making the same designation change approved by the Boulder County Planning Commission. In addition to recognizing the reduction in planned capacity and improvement of this roadway, the zoning effect of the change will be to the supplemental setback requirements set by Section 7-1403 of the Boulder County Land Use Code . . ."

gbillingsley@co.boulder.co.us

BC 000368 TRANS (06-cv-00554)

Niwot High School, Quiet Retreat subdivision, and Niwot Hills subdivision. The rest of the area is mostly agricultural land, much of it preserved through conservation easements.

Niwot High School is a large facility of around 156,000 square feet. The high school was built in 1971, although the first building was much smaller. The school is not under Boulder County's jurisdiction, as school districts are independent governments and not required to comply with County zoning. The high school is also in conflict with our comprehensive plan goals and policies including the policies specific to Niwaot and the Niwot buffer area.

Quiet Retreat is a Non-Urban Planned Unit Development/TDR receiving site. The subdivision has seven residential parcels on about 9.5 acres; one of these parcels is a TDR receiving site. The total subdivision is 106 acres, so 90% is open space.

Niwot Hills is a TDR/PUD subdivision. The County approved 46 lots, 38 of which are receiving sites of TDRs from the Niwot buffer. There is some open space, and a trail within the subdivision. This is a large subdivision in the Niwot buffer, however, the 38 TDR units preserve over 650 acres of agricultural land within the Niwot buffer.

The remaining properties within 1,500 feet of the subject property are agricultural or rural in character.

The proposal would create a significant increase in the amount of impervious surfaces on the parcel, a little over eight acres. The detention pond would provide some mitigation for negative impacts to water quality, particularly by reducing fine particulates. However, parking for over one thousand vehicles, with attendant roadways and lanes, could significantly pollute storm waters running off-site. Dry Creek, which runs through the subject property, carries an Open Corridor, Streamside designation in the county Comprehensive Plan. County policy is to preserve so-designated stream corridors "to the extent possible," where necessary to protect water resources (OS 3.01). In order to protect stream water quality, staff suggests that both pervious paving options be explored for the parking areas, and the detention pond be designed with a vegetative component to break down some pollutants before being discharged off-site. This is another indicator of the intensity of this development, and something not expected in a rural area.

The applicant notes that it acquired the adjoining five-acre ball field that has the potential for one single-family dwelling. The applicant has proposed to place this parcel under a conservation easement to extinguish its building right in an effort to mitigate the proposed development. Of note, the five acre parcel is zoned Agricultural and would allow one single-family dwelling or be required to meet other requirements of the Agricultural Zoning district. The Church has not indicated any other intended uses on the five acres other than the existing playing field. Staff finds that the development of this

BC 000369 TRANS (06-cv-00554)

SU-04-008 Staff Recommendation
BOCC November 7, 2005

five-acre parcel as a residence or other use by right would not offset the impact of the proposed church expansion.

Staff finds that the proposed 240,800 square foot facility is urban in character and is not consistent or compatible to the rural / agricultural neighborhood character. In previous staff reports, staff found that the existing 108,600 square-foot facility is not in harmony with the character of the neighborhood or compatible with the surrounding area. The proposed expansion to 240,800 sq. ft. is out of character with the rural area surrounding it, and the purpose of the buffer within which it is located. It is also a very tall structure, 49 feet at the highest point. Extensive landscaping is proposed, however, the structure will still be quite visible from Niwot Road, 95th Street, and nearby properties. The combination of the height and the size makes this very visible, exacerbating the conflict with the rural location. It is clearly out of character with the neighborhood and surrounding area.

(3)     **Will be in accordance with the Boulder County Comprehensive Plan;**
The subject property is designated Agricultural Lands of National Importance, and is within the rural Niwot buffer area designated in the BCCP. The subject property is not within the Niwot Limited Community Service area; however, it is within the Niwot Buffer Area. It is also designated as an existing Public/Quasi Public Facility. The size and scope of the existing and proposed development and uses are not consistent with the goals and policies of the Boulder County Comprehensive Plan. The applicant notes that the church facility is used by up to 250 community groups for meetings such as boy scouts, girl scouts, the Niwot Community Association, and the County Sheriff's office, among many others. In addition, the traffic report indicates that the proposed school expansion will generate 2,000 average weekday trips while the existing church use generates around 2,140 average daily trips. While the impact of this traffic can be physically accommodated, upon implementation of various site improvements as recommended by the traffic engineer, the sheer volume and the mitigation measures necessary are not consistent with the rural / agricultural neighborhood character or the BCCP's goals and policies governing the area.

Specifically, staff finds the proposal conflicts with the following elements of the Comprehensive Plan:
**GOALS:**
**A.1** *Future urban development should be located within or adjacent to existing urban areas in order to eliminate sprawl and strip development, to assure the provision of adequate urban services, to preserve agriculture, forestry and open space land uses, and to maximize the utility of funds invested in public facilities and services.*
The facility constitutes an urban service activity in a rural agricultural area. It is not adjacent to an existing urban area, the BCCP defines the Niwot Limited CSA as a semi-rural area. The proposal does not preserve significant agricultural lands and, in

Page 11 of 17
File name: SU04008 BOCC staff rec.doc

gbillingsley@co.boulder.co.us

BC 000370 TRANS (06-cv-00554)

SU-04-008 Staff Recommendation
BOCC November 7, 2005

fact, will take currently farmed land out of production (see discussion under Goal B.7., below). The expansion will require an increased level of service with regard to traffic and parking (see other sections of this analysis). The facility is likely to increase the need for public expenditures for road maintenance and emergency services to the site. The proposal will significantly increase the size of a facility that is currently inconsistent with the existing character of the neighborhood.

**B.2** *Air, water and noise pollution; inappropriate development in natural hazard areas; and overall environmental degradation should be reduced as much as possible or eliminated in order to prevent potential harm to life, health and property.*
Staff is concerned with the potential environmental degradation, traffic, and other impacts associated with this development. Traffic safety issues should be mitigated based on the traffic study and the improvements proposed. Pollution, both air and water, related to vehicles however, may not be able to be completely mitigated. Increased noise levels from the significant amount of traffic on site are also of concern.

**B.7** *Productive agricultural land is a limited resource of both environmental and economic value and should be conserved and preserved.*
While the applicant has indicated a willingness to preserve the five-acre ball field parcel, the expansion of the applicant's facility will not preserve or conserve agricultural lands. This site is designated as Agricultural Lands of National Importance. As such, this property consists of highly productive agricultural land of both environmental and economic value and should be preserved. There have been crops grown on the site for some years. These would no longer be grown, as landscaping, berms and the parking lot would replace them. With only 14 acres (conservation area) of the 54-acre site left undisturbed and suitable for farming, the value of the existing significant agricultural resource will be greatly reduced. The statement by the applicant that this is on the fringe of the agricultural land of national significance area, the adjacency of a subdivision, plus the existence of the present church, does not amount to a sufficient argument that this land is of little value.

**E.2** *A functional balance between community facilities and potential land capacities (population) should be maintained.*
The facility is a destination point that draws people to a rural and agricultural area. The population that is served is not the local population, although some of the members do reside in Niwot. The balance should be between the land capacities (population of the area) and the capacity of the community facility. This keeps the unincorporated area of the county in balance with its rural character. Based on this policy, the proposal is too intense for the Niwot Limited Community Service Area and for the buffer area as described in the "Niwot, Lefthand, Boulder Creek Subregion" of the county's comprehensive plan.

gbillingsley@co.boulder.co.us

BC 000371 TRANS (06-cv-00554)

SU-04-008 Staff Recommendation
BOCC November 7, 2005

**E.3** *Development should not place undue burdens on any existing community.*
Neighboring property owners have expressed concerns in this regard, particularly in
terms of traffic. The amount of traffic is another indicator of an urban use. The
Transportation Department indicates that improvements will be necessary to the
surrounding road system / access points when the levels of service on those roads are
reduced below the C ranking and the applicant agrees with this. While the applicant
would be required to install the necessary road improvements if this were approved,
staff finds that this is further evidence that the facility is not consistent with the
existing neighborhood character and may place undue burdens on the existing
neighborhood community.

**PPA 1.01** *Land located outside CSAs and east of the Forestry zoning district, should
be designated as the Plains Planning Area, and should remain rural. Urban services
should not be extended into the Plains Planning Area, and zoning should continue to
prohibit urban development and densities. Land uses within the Plains Planning Area
should continue to be related to agricultural activities, environmental resource
protection, low-density residential development and other activities consistent with
the rural character of the county.*
The site is located outside of the Niwot Limited CSA, but within the Niwot buffer and
has been designated as an existing Public/Quasi Public Facility. However, as noted in
this goal, land outside CSA's should remain rural; and as previously noted, the
proposed facility is more urban in character.

**PPA 1.03** *Where pertinent, land use proposals within the Plains Planning Area
should adhere to the following land use guidelines:*

*(a) Conformance with the applicable goals, policies, and land use
regulations of the Boulder County Comprehensive Plan;*

The cumulative analyses of all the policies in this report indicate that
the proposal is not in compliance with the Boulder County
Comprehensive Plan.

*(b) Preservation and utilization of agricultural lands, or when
applicable, the preservation of other environmental resources;*

The proposed expansion does not preserve any agricultural lands, or
other environmental resources. In fact, it will remove 21 acres on the
site presently in agricultural production.

gbillingsley@co.boulder.co.us

BC 000372 TRANS (06-cv-00554)

SU-04-008 Staff Recommendation
BOCC November 7, 2005

*(c) Provision of adequate access, water availability and sewage disposal by the applicant, and the existence of adequate educational facilities and police and fire protection; and*

There is no conflict with this policy.

*(d) Minimizing potential negative impacts on surrounding lands, including agricultural land, attendant agricultural uses, and established neighborhoods and other adjoining or nearby development and land uses*

This does not have a direct negative impact on adjacent agricultural uses, however, an intense urban use such as this has an impact on the adjacent rural land uses as explained throughout this staff report.

*NIW 1.01 Based upon past and present land use, lack of community services, physical conditions and citizen desires, it is county policy to recognize and designate the existing land use character of the Lefthand/Niwot/Boulder Creek Subregion (with the exception of the Niwot Community Service Area) as being agricultural in nature and to ensure that the accompanying Land Use Plan Map and attendant Boulder County Land Use Code will acknowledge such character in the designation and implementation of future land use types.*

The site is not within the Niwot Limited Community Service Area. In accordance with this policy, the site and its uses should be agricultural in nature.

*NIW 2.05 The Niwot Community Service Area presently consists of land areas zoned primarily for rural residential and agricultural use with a few small areas zoned for business, commercial, and economic development. Future land uses proposed within the rural residential zone shall be of a residential and agricultural nature and conform to the bulk regulations associated with such zone as described in the Boulder County Land Use Code.*

*Furthermore, developments proposed at the boundaries of the Niwot Community Service Area shall ensure compatibility with surrounding agricultural lands and contribute toward the containment and definition of the Niwot Community Service Area.*

The subject parcel is zoned Agricultural and is close to the boundary of the Limited Community Service area, but not in the CSA. The Niwot Sub-region of the Comprehensive Plan has designated this site for Public / Quasi Public Faculties. While public / quasi public use of this parcel has been acknowledged in the County Comprehensive Plan, the Plan also established a threshold of compatibility with agricultural lands to ensure that facilities along the service boundary contribute

Page 14 of 17
File name: SU04008 BOCC staff rec.doc

gbillingsley@co.boulder.co.us

BC 000373 TRANS (06-cv-00554)

SU-04-008 Staff Recommendation
BOCC November 7, 2005

toward the containment and definition of the Niwot Limited Community Service Area. This application to increase the size of this facility is not consistent with surrounding agricultural lands, which primarily consist of rural land, farms, and open space with some parcels developed with single-family residential homes.

*NIW 2.06 The open space corridor designated on the Open Space Plan Map is designed to buffer and thus define the Niwot Community Service Area..*

*NIW 2.07 Open Space will be principally utilized for agricultural, passive, and trail corridor uses that require a minimum level of maintenance or development consistent with whatever interest the county may have acquired in such land.*

The church site is within the designated buffer area on the Open Space Plan Map. These two policies make clear the intent of the Comprehensive Plan regarding this property. It is in a rural buffer area, which is expected to by principally used for agricultural, passive recreation use, and a trail corridor. The development is in conflict with these policies.

(4)  **Will not result in an over-intensive use of land or excessive depletion of natural resources;**
As mentioned above, staff finds that the proposal would double the square footage of the existing church building and require a significant increase in the parking area which, in terms of its impact, would result in an over-intensive use of land.

(5)  **Will not have a material adverse effect on community capital improvement programs;**
No specific capital improvement programs will be affected by this use.

(6)  **Will not require a level of community facilities and services greater than that which is available;**
The Mountain View Fire Protection District has some requirements (see their referral) before they will accept the expansion, however the Church can meet all their requirements. Transportation improvements will be necessary to ensure safety and the Transportation Department includes in their referral the caveat that additional improvements may be needed to keep the level of service at the intersection of Niwot Road and 95th Street at level C.

(7)  **Will not result in undue traffic congestion or traffic hazards;**
The traffic study makes clear there will be increased traffic to and from this site. This increase can be mitigated so that the level of service at the intersection of 95th and Niwot Road will be no worse then Level of Service C. Therefore, there is no conflict with this criterion.

Page 15 of 17
File name: SU04008 BOCC staff rec.doc

gbillingsley@co.boulder.co.us

BC 000374 TRANS (06-cv-00554)

SU-04-008 Staff Recommendation
BOCC November 7, 2005

(8)    **Will not cause significant air, odor, water, or noise pollution;**
County staff continues to be concerned with increased storm water runoff from the site
and the potential increased for water pollution from the parking lot (snowplowing, fluid
leakage from vehicles, sanding, salting, etc.).

Staff is also concerned about the potential adverse impact on air quality and increase in
noise pollution that may occur from the increased traffic associated with the proposed
expansion. Staff finds that the request has an evident potential to result in conflicts with
this criterion.

(9)    **Will not require amendment to the Regional Clean Water Plan;**
No referral indicated any conflict with this criterion.

(10)    **Will be adequately landscaped, buffered, and screened;**
Staff finds that the existing structure and parking area are potentially very visible from
Niwot Road, N. 95th Street, and surrounding properties, particularly Quiet Retreat. The
applicant is proposing additional landscaping (400 trees and 1200 shrubs) and significant
berming to reduce the visibility of the proposed expansion and parking areas.

Staff finds that the facility is located in a prominent position in the landscape, thus the
proposed 240,800 square foot building which varies from 18 to 49 feet tall will continue
to be highly visible from surrounding public and private and more distant locations, but
will be softened somewhat by the landscaping. Because of the size of the facility, both in
square feet and height, the facility cannot be adequately screened.

(11)    **Will not otherwise be detrimental to the health, safety, or welfare of the present or
future inhabitants of Boulder County;**
While the structure and its evident adverse impacts may be mitigated, to some degree,
staff finds that the approval of the request is likely to be detrimental to the welfare of the
present or future inhabitants of Boulder County. As noted previously, the proposal is not
consistent with the existing neighborhood character, consists of a destination point that
will draw additional traffic and impacts from other areas, and will remove Agricultural
Lands of National Significance from recent and potential production.

**SUMMARY:**

The Rocky Mountain Christian Church is outside of Niwot Limited Community Service Area. It
is located within the Niwot buffer designated as rural in the Boulder County Comprehensive
Plan. This buffer is to be preserved by allowing agricultural and passive recreational uses. The
proposed expansion supplants these uses with a use of urban intensity. The will be a loss of 21

Page 16 of 17                                                                          gbillingsley@co.boulder.co.us
File name: SU04008 BOCC staff rec.doc

BC 000375 TRANS (06-cv-00554)

SU-04-008 Staff Recommendation
BOCC November 7, 2005
acres of agricultural land.

Traffic safety issues can be resolved, but the intensity of traffic is an indication that this is an urban use. This is also true of the over eight acres of non-permeable surfaces.

The church is well designed to break up the buildings giving an impression of a number of buildings with varied facades, heights, setbacks and other good elements making the facility less monolithic. The significant landscape will also help to soften the visual impact of the facility. However, it is a very large facility and will still be visible from all directions, way out of scale with the expected visual impact of agricultural structures such as barns, silos, riding areas, fencing or even greenhouses.

The facility is out of balance with the local population serving mostly non-area residents. The use is really a regional use, not a local, rural use. It serves a community that mostly lives in municipalities.

The Land Use Code enacts the provisions of the County Comprehensive Plan. Staff therefore finds that the proposed expansion is excessive since it is not consistent with the neighborhood character, is an overintensive use of agricultural land, and conflicts with multiple goals of the County Comprehensive plan. The proposed expansion to 240,800 sq. ft. is out of character with the rural area surrounding it, and the purpose of the buffer within which it is located.

**RECOMMENDATION:** Staff finds that the proposal to expand the church and school is not consistent with the policies and the provisions of the Land Use Code and Comprehensive Plan. The Planning Commission considered the request on September 15, 2004 and recommend denial.

Therefore, the staff and the Planning Commission recommend that the County Commissioners **DENY Docket SU-04-008: ROCKY MOUNTAIN CHRISTIAN CHURCH** Special Use Review and Site Specific Development Plan for the reasons set forth in this staff report, on file, and on record.

Staff does understand that this would not permit the continuance of the part of the school housed in the modular structures and therefore, would recommend the County Commissioners approve an addition of up to 10,000 square feet to replace the temporary structures with permanent buildings to house the school.

In addition, staff also supports the increase in seating in the sanctuary from 1,400 to 1,550 seats.

Page 17 of 17
File name: SU04008 BOCC staff rec.doc

gbillingsley@co.boulder.co.us

BC 000376 TRANS (06-cv-00554)



Post Office Box 471 • Boulder, Colorado 80306

# Land Use Department

Courthouse Annex
2045 13th Street • 13th & Spruce Streets • Boulder, Colorado 80302 • (303) 441-3930

## CERTIFICATE OF RESOLUTION

| | |
|---|---|
| TO: | Board of Boulder County Commissioners |
| FROM: | Boulder County Planning Commission |
| DATE: | October 15, 2004 |
| RE: | Docket SU-04-008 |

This certifies that at a public hearing of the Planning Commission, County of Boulder, State of Colorado, duly called and held on September 15, 2004, 2004, the following resolution was duly adopted.

Be it resolved that the Planning Commission, County of Boulder, State of Colorado, recommends to the Board of County Commissioners that the following request be **DENIED**, by a vote of 6 in favor, 0 against, 0 abstaining and 3 absent.

### DOCKET SU-04-008: ROCKY MOUNTAIN CHRISTIAN CHURCH SU/SSDP

**Request:** Amendment to Docket SU-97-12 to provide for a 140,350 sq. ft. addition (classrooms, gymnasium, chapel, church), and a request to increase the student population (Elementary and Middle School) from 380 to 540. The proposal also involves an amendment to the existing conservation easement to include the adjacent five-acre ballfield and the extinguishment of its building right. (See also SU-84-034, SU-93-013, SU-94-16, SU-97-012, SU-00-21, and SU-02-08)

**Location:** At 9447 Niwot Road, Northwest corner of Niwot Road and N. 95th Street, in Section 29, T2N, R69W.

**Zoning:** Agricultural (A)

This request has been scheduled for final consideration by the Board of County Commissioners on **December 2, 2004 at 2:00 p.m.**, in the Hearing Room, Third Floor, County Courthouse, Boulder.

BOULDER COUNTY PLANNING COMMISSION

by Todd Tucker, AICP
for Graham S. Billingsley, Secretary to the Board

G:\LUD\LUSHARED\DOCKETS\SU - Special Use\SU04008\008CER.DOC

| Paul Danish | Ronald K. Stewart | Tom Mayer |
|---|---|---|
| County Commissioner | County Commissioner | County Commissioner |

BC 000377 TRANS (06-cv-00554)

$1,000 — #15026



SHADED AREAS FOR STAFF ONLY

RECEIVED

APR 14 2004

BOULDER COUNTY
LAND USE DEPT

**BOULDER COUNTY LAND USE DEPARTMENT**
2045 13th Street / 13th & Spruce Streets / Courthouse Annex
P.O. Box 471 / Boulder, Colorado 80306
303.441.3930 / Fax 303.441.4856

# APPLICATION FORM

## APPLICATION DEADLINE
FIRST WEDNESDAY OF THE MONTH - 4:30
Does not apply to Exemption Plats, Site Plan Reviews,
Limited Impact Special Reviews, or Subdivision Exemptions

PROJECT NUMBER:                     PROJECT NAME:

- O BOA VARIANCE/APPEAL
- O EXEMPTION PLAT
- O LIMITED IMPACT SPECIAL USE
- O LOCATION & EXTENT
- O RESUBDIVISION (REPLAT)

- O REZONING
- O ROAD NAME CHANGE
- O SITE PLAN REVIEW
- ● SPECIAL USE/SSDP
- O SUBDIVISION EXEMPTION

- O SKETCH PLAN
- O PRELIMINARY PLAN
- O FINAL PLAT
- O ROAD/EASEMENT VACATION
- O 1041 - STATE INTEREST REVIEW

- O EXTENSION OF APPROVAL
- O OTHER:

LOCATION(S) - STREET ADDRESS(ES)

Northwest corner of Niwot Road and North 95th Street at

9447 Niwot Road.

SUBDIVISION NAME

| LOT(S) | BLOCK(S) | SECTION(S) | TOWNSHIP(S) | RANGE(S) |
|---|---|---|---|---|
| | | 29 | 2 North | 69 West |

| AREA IN ACRES | EXISTING ZONING | EXISTING USE OF PROPERTY | NUMBER OF PROPOSED LOTS |
|---|---|---|---|
| 54.4 | Agricultural | Church/School | |

| PROPOSED WATER SUPPLY | PROPOSED SEWAGE DISPOSAL METHOD |
|---|---|
| Left Hand Water District | Niwot Sanitation District |

### APPLICANTS

| APPLICANT/PROPERTY OWNER | STREET ADDRESS |
|---|---|
| Rocky Mountain Christian Church, c/o Rick Thielen | 9447 Niwot Road |

| CITY | STATE | ZIP CODE | PHONE NUMBER | FAX NUMBER |
|---|---|---|---|---|
| Niwot | CO | 80503 | (303) 652-2211 | (303) 652-8072 |

| APPLICANT/PROPERTY OWNER | STREET ADDRESS |
|---|---|
| | |

| CITY | STATE | ZIP CODE | PHONE NUMBER | FAX NUMBER |
|---|---|---|---|---|
| | | | ( ) | ( ) |

| APPLICANT/PROPERTY OWNER | STREET ADDRESS |
|---|---|
| | |

| CITY | STATE | ZIP CODE | PHONE NUMBER | FAX NUMBER |
|---|---|---|---|---|
| | | | ( ) | ( ) |

| AGENT/CONSULTANT | STREET ADDRESS |
|---|---|
| Rosi Koopmann, Strategic Planning, Inc. | 2344 Summitview Drive |

| CITY | STATE | ZIP CODE | PHONE NUMBER | FAX NUMBER |
|---|---|---|---|---|
| Longmont | CO | 80504 | (303) 682-5134 | (303) 682-5135 |

| AGENT/CONSULTANT | STREET ADDRESS |
|---|---|
| | |

| CITY | STATE | ZIP CODE | PHONE NUMBER | FAX NUMBER |
|---|---|---|---|---|
| | | | ( ) | ( ) |

### CERTIFICATION

I certify that the information and exhibits I have submitted are true and correct to the best of my knowledge. In filing the application I am acting with the knowledge and consent of those persons who are owners of the subject property or are parties to this application. I understand that all materials required by Boulder County must be submitted prior to having this matter processed. I understand that public hearings or meetings may be required. I understand that additional fees or materials may be required as a result of considerations which may arise in the processing of this docket. I understand that the road, school and park dedications may be required as a condition of approval.
I understand that I am consenting to allow the County Staff involved in this application or their designees to enter onto and inspect the subject property at any reasonable time, without obtaining any prior consent.

| SIGNATURE X | DATE 4/14/04 |
|---|---|
| SIGNATURE X | DATE |

### PLEASE NOTE

● PLEASE REFER TO THE REGULATIONS AND APPLICATION SUBMITTAL PACKAGE FOR COMPLETE APPLICATION REQUIREMENTS ●

AFFT1/12-8-97/REV. 5-28-98/REV.2-24-00/WC/GB

● PLEASE SEE BACK ●

BC 000378 TRANS (06-cv-00554)