# EXHIBIT 18

RESOLUTION 2003-54

A RESOLUTION CONDITIONALLY APPROVING DOCKET #SU-02-08 (''ROCKY MOUNTAIN CHURCH SPECIAL USE AMENDMENT''): A REQUEST FOR A SPECIAL USE REVIEW/SITE SPECIFIC DEVELOPMENT PLAN AMENDMENT TO DOCKET #SU-97-12, TO ALLOW AN INCREASE TO THE MAXIMUM NUMBER OF STUDENTS AND STAFF ON SITE, AND INCLUDING A TEMPORARY PLACEMENT OF A MODULAR UNIT, ON PROPERTY LOCATED AT 9447 NIWOT ROAD, AT THE NORTHEAST CORNER OF NORTH 95TH STREET AND NIWOT ROAD, IN SECTION 29, T2N, R69W

**WHEREAS,** in Docket #SU-97-12, the Board of County Commissioners (''the Board'') conditionally approved a special use permit allowing recognition of an existing church, and permitting the church to expand its existing worship area, add a private school, and make certain other additions and modifications to the existing church, on the property which is located as described in the caption to this Resolution, above, in the Agricultural Zoning District in unincorporated Boulder County; and

**WHEREAS,** Rocky Mountain Christian Church (''Applicant'') now proposes to amend the special use permit approved in Docket #SU-97-12, to allow an increase to the maximum number of students and staff on site, and to place a temporary modular unit approximately 7,200 square feet (60' X 120') in size on the subject property; and

**WHEREAS,** the Applicant requests that the school be allowed to include Grades 7 and 8, and to allow an additional 60 students for the 2003-2004 school year, 100 students for the 2004-2005 school year, and 120 students for the 2005-2006 school year with the total increase in students being from the existing 260 students to 380 students, plus five new faculty/staff to serve this student increase; and

**WHEREAS,** the Applicant proposes to use this temporary modular unit until permanent facilities can be designed; and

**WHEREAS,** the Applicant also requests that the modular unit be used on Sunday mornings for youth and children's ministries; and

1

BC 000457 BOCC (06-cv-00554)

**WHEREAS**, the Applicant notes that it anticipates submitting a special use application for a more permanent facility within the next twelve months; and

**WHEREAS**, the above-described special use amendment request was processed and reviewed as Docket #SU-02-08 ("the Docket"), all as further described in the memorandum and recommendation of the Boulder County Land Use Department, dated April 24, 2003, with its attachments ("the Staff Recommendation"); and

**WHEREAS**, on April 16, 2003, the Boulder County Planning Commission ("the Planning Commission") held a duly-noticed public hearing on the Docket, and recommended denial of the Docket to the Board; and

**WHEREAS**, on April 29, 2003, the Board held a duly noticed public hearing to consider the Docket ("the Public Hearing"), at which time the Board considered the recommendation of the Planning Commission, the Staff Recommendation, and the documents and testimony presented by the County Land Use Department Planning Staff, and representatives of the Applicant; and

**WHEREAS**, based on the Public Hearing, the Board finds that the Docket meets the criteria for a special use permit amendment set forth in Article 4-600 of the Boulder County Land Use Code ("the Land Use Code"), and meets the Land Use Code's criteria for a site-specific development plan amendment subject to the execution of the County's standard development agreement, and can be approved, subject to the conditions stated below.

**NOW, THEREFORE, BE IT RESOLVED** that the Docket is approved, subject to the following conditions:

1. This approval does not provide any reliance to the Applicant that any future application submitted to Boulder County for review will receive approval from Boulder County. The temporary modular unit shall be removed from the subject property within three months from the end of the 2005-2006 school year.

2. The Applicant is subject to all applicable County Building Division requirements for a building permit and to County Transportation Department requirements based on the Traffic Impact Study, prepared by LSC Transportation Consultants, Inc. and dated February 11, 2003.

2

BC 000458 BOCC (06-cv-00554)

3.    The Applicant shall include native plants for landscaping, and shall provide additional trees along the southeast and west sides of the modular unit.  The use of xeriscaping techniques is required to reduce water use and increase conformity with the surrounding vegetation.  The final landscape plan shall be reviewed and approved by County staff prior to recording the Development Agreement.  The Applicant shall complete all of the revegetation and landscaping prior to the issuance of a Certificate of Occupancy from Boulder County, or provide an acceptable form of guarantee if weather is not conducive for installation of the required landscaping and revegetation within twelve months from the issuance of the Certificate of Occupancy.

4.    The Applicant shall use earth tone colors similar to the existing church building.  The color(s) must be approved by County staff at the time of the building permit process.  Additionally, prior to final inspection or issuance of a Certificate of Occupancy, the Land Use Department must inspect and verify that the approved color is used on the new structure.

5.    Prior to the issuance of a building permit, one copy of the proposed lighting plan with details for all exterior lighting must be submitted to and approved by the Land Use Department.  Exterior lighting must be down lighting to minimize glare as much as possible.  Details submitted must indicate location of all exterior fixtures on site and on structures, and must include cut sheets (manufacturer's specifications with picture or diagram) of all fixtures.  Lighting is restricted to outdoor entrances or exits, and only minimum parking lot lighting is allowed.  Light poles cannot exceed twelve feet in height.  Prior to final inspection or issuance of Certificate of Occupancy, the full installation of the approved lighting plan must be inspected and approved by the Land Use Department.

6. The Applicant shall provide a Development Agreement, to be reviewed and approved by County staff, prior to recordation.  The approval (expansion by 120 students and 5 faculty/staff, and temporary modular) shall be accorded a

3

BC 000459 BOCC (06-cv-00554)

statutory vested right for a period of three years beginning on the date of adoption of this Resolution as stated below, subject to all applicable terms and conditions set forth herein.

7.    The Applicant shall be subject to the terms, conditions and commitments of record and in the file for the Docket.

A motion to approve the Docket, as set forth above, was made by Commissioner Stewart, seconded by Commissioner Mayer, and passed by a 3-0 vote of the Board.

**ADOPTED** this ___17th___ day of ___June___, 2003, nunc pro tunc the 29th day of April, 2003.

**BOARD OF COUNTY COMMISSIONERS OF BOULDER COUNTY:**

Paul D. Danish, Chair

_____ (EXCUSED)
Ronald K. Stewart, Vice Chair

Thomas A. Mayer, Commissioner

ATTEST:

Clerk to the Board

4

BC 000460 BOCC (06-cv-00554)



# Office of the County Attorney

Post Office Box 471 • Boulder, Colorado 80306
Phone: (303) 441-3190 • Fax: (303) 441-4794 • E-Mail: ca@co.boulder.co.us

TO:       BOARD OF COUNTY COMMISSIONERS

FROM:     BARBARA T. ANDREWS, ASSISTANT COUNTY ATTORNEY

DATE:     JUNE 18, 2003

RE:       DOCKET #SU-02-08: REQUEST TO CHANGE THE RESOLUTION
          NUMBER FOR THIS DOCKET (APPROVED SPECIAL USE AMENDMENT
          FOR THE ROCKY MOUNTAIN CHRISTIAN CHURCH IN NIWOT) FROM
          RESOLUTION #2003-59 TO RESOLUTION #2003-54

At its business meeting on June 17, 2003, the Board adopted a resolution for the above-referenced Docket (#SU-02-08, Rocky Mountain Christian Church Special Use Amendment), which was mistakenly denominated Resolution 2003-59, instead of Resolution 2003-54. Resolution 2003-59 is an existing resolution number for a different docket (#DC-02-08, adopted by the Board on May 22, 2003).

Therefore, I request that the Board approve a correction of the resolution number for Docket SU-02-08, from Resolution 2003-59, to **Resolution 2003-54**, and authorize the Board's staff to distribute this resolution with the attached, corrected resolution title page. As this was a clerical error which affected the resolution number only, the adoption date of Resolution 2003-54 for Docket #SU-02-08 (initially mistakenly denominated as Resolution 2003-59), will remain the same as the original date of adoption (June 17, 2003).

*Attachments:*      *Correction Title Page for Resolution 2003-54 for*
                    *Docket #SU-02-08 (mistakenly adopted as Resolution*
                    *2003-59 on June 17, 2003)*

Bocc approved
6/24/03
Ama

Paul Danish
County Commissioner

Ronald K. Stewart
County Commissioner

Tom Mayer

BC 000461 BOCC (06-cv-00554)

BC 000462 BOCC (06-cv-00554)