# EXHIBIT 19



Post Office Box 471 • Boulder, Colorado 80306

# Land Use Department

Courthouse Annex
2045 13th Street • 13th & Spruce Streets • Boulder, Colorado 80302 • (303) 441-3930

---

## BOARD OF COUNTY COMMISSIONERS

### AGENDA ITEM

**Thursday, April 24, 2003 -- 9:00 AM**

**Hearing Room, Third Floor, Boulder County Courthouse**

---

**PUBLIC HEARING**

**STAFF PLANNER:**   Greg Oxenfeld

DEPOSITION
*NS* EXHIBIT
*Koopmann* 157
5/17/07

**RE:**    Docket SU-02-08: ROCKY MOUNTAIN CHURCH SU/SSDP

| | |
|---|---|
| Request: | Amendment to Docket SU-97-12 that would allow an increase to the maximum number of students and staff on site, and including a temporary modular unit. |
| Location: | At 9447 Niwot Road, at the northeast corner of N. 95th Street and Niwot Road, in Section 29, T2N, R69W. |
| Zoning: | Agricultural  (A) |
| Applicant: | Rocky Mountain Christian Church – James D. Mitchell |

### DISCUSSION:

The applicant is proposing an amendment to Docket SU-97-12 that would allow an increase to the maximum number of students and staff on site, and including a temporary modular unit.  The applicant was originally requesting four temporary modular units but revised the request to include one large modular unit in order to provide adequate sanitation facilities as required by the County Building Division. Docket SU-97-12 included a request to recognize an existing church and including an expansion to the church (with an occupant load greater than 100 persons per lot), a private educational facility (Kindergarten through Fifth Grade) for up to 260 students, and additions/modifications to the existing structure.  The 1997 application originally included a request for Kindergarten through Eight Grade for up to 400 students but was revised through the process based on concerns raised by County staff.  Of note, the applicants were approved for a non-substantial amendment to include Grade 6 as part of the school without an increase in the number of students.  The Rocky Mountain Christian Church building was 50,000 square feet, and the 1997 application included a request for a two-story addition consisting of 53,960 square feet. The total square footage proposed by the applicant and approved by Boulder County on January 19, 1998 is 103,960 square feet.  The proposed modular unit will be approximately 7,200 square feet (60' x 120').

The school, Rocky Mountain Christian Academy, notes that due to an unanticipated pace of growth and demand, that they need to set up a modular unit on site prior to July 1, 2003 for the 2003-2004 school year and until permanent facilities can be designed.  They are requesting that the school be allowed to include Grades 7 and 8, and to allow an additional 60 students for the 2003-04 school year, 100 students for the 2004-05 school year, and 120 students for the 2005-06 school year.



Paul Danish
County Commissioner

Ronald K. Stewart
County Commissioner

Tom Mayer
County Commissioner

SU-02-08: Staff Recommendation
BOCC - April 24, 2003
Page 2 of 8

The increase in students will result in the need for an additional staff and faculty consisting of five people. The applicant also notes that the modular would be used on Sunday mornings for youth and children's ministries. Staff finds that the addition approved in 1997, located on the southwest side of the church structure, houses administrative facilities and classroom space. This classroom space currently houses the kindergarten through sixth grade and doubles as religious education classrooms. In 1997, the applicant noted that the classrooms were required by the church religious education program with or without addition of the proposed school. An additional parking area has also been provided to accommodate the approved expansion. No new parking is proposed in this application.

## REFERRAL RESPONSES:

This application was referred out for review to the usual referrals for comment. All responses received by the Land Use Department are summarized below:

**County Transportation Department** – Requested that the applicant submit a revised Traffic Study.

**Boulder County Parks & Open Space Department** – Note that they have no open space or environmental resource issues.

**Boulder County Building Safety and Inspection Services Division** – Note building permit requirements, and that sanitary facilities will be required.

**Niwot Sanitation District** – Note that they will require the applicant to purchase one tap.

**Mountain View F.P.D.** – Note that the applicant is subject to District requirements.

**Niwot Community Association** – Note that they do not like to encourage the use of temporary buildings for schools. However, considering the crisis in the District at present time, see the need to be flexible for the time being.

**County Health, County Sheriff, County Treasurer, St. Vrain Valley School District, Lefthand Water District, and City of Longmont** – Note they have reviewed the proposal and have no conflicts.

**Boulder County Land Use Department** – Requested that a description of current and future plans for the Christian Academy and subject parcel including the Christian Church be provided. The narrative indicates that the modular units will be replaced with permanent facilities, and staff requests more information with regards to this statement (location and size of buildings, number of students and faculty, etc.). The narrative submitted with the application also states Rocky Mountain Christian Church is experiencing a major shortage of space for offices, activity areas, and classrooms. The Church is subject to the Special Use (Docket SU-97-12) approved by Boulder County in 1998, and any change to the approval must be reviewed by Boulder County. Also, of note, staff did receive the amended plan to include one "10-plex" modular unit and understand that a revised traffic study would be completed in early February.

SU-02-08: Staff Recommendation
BOCC – April 24, 2003
Page 3 of 8

*The applicant has reviewed the referral comments and has responded to the comments in letters dated February 19 & 20, 2003. The applicant is now proposing one 10-plex wet classroom unit instead of four double wide dry classroom units in order to meet County Building Code requirements. A new Traffic Impact Study was prepared by LSC Transportation Consultants, Inc. and dated February 11, 2003. The report summarizes that the traffic impacts of the proposed expansion are moderate and can be accommodated by the adjacent network with minor improvements. The applicant notes that future plans beyond the 2006 time frame are contingent upon the health of the local economy, future enrollment, and the permanent facilities that the Church and Boulder County jointly determine. If necessary, the Church would consider establishing a specified period of time that the proposed modular unit would remain onsite independent of future site plans. The applicant acknowledges that any proposed future expansion is contingent upon the application process and county approval. With regards to future church expansions, the applicant notes that they are just beginning to design and develop plans, but that the expansion will be presented to Boulder County under a separate review. They do know that a multi-use community building is needed that would be added to current building and that additional parking will be added.*

## CRITERIA ANALYSIS:

The Land Use staff has reviewed the conditions and standards for approval of a Special Use Review for church with an occupant load greater than 100 persons and private educational facility and a private educational facility, per Section 4-602 of the Boulder County Land Use Code, and finds the following:

(1)    **The use will comply with the minimum zoning requirements of the zoning district in which the use is to be established, and will also comply with all other applicable requirements;**

The subject site is zoned Agricultural (A). A church with an occupant load greater than 100 persons and a private educational facility may only be allowed by Special Use Review approval, under the provisions of the current Land Use Code. The church was established as a use by right in 1986, per the Zoning Resolution at that time. Subsequently, the applicant has been approved for a Special Use Review (SU-93-13) for a preschool for two classes of 20 children each at the existing church in September 1993, and a Special Use Review (SU-94-16) to amend the 1993 Special Use to allow for a "Mom's Day Out" program. This program was approved to allow a maximum enrollment of 40 children from one to three years of age, which expanded the total number of children at the preschool and the hours of operation. The 1994 Special Use application also included a request for a K-12 school but was deleted from the application based on concerns at that time. Subsequently in 1997, the applicant submitted a new Special Use to recognize an existing church and including an expansion to the church, a private educational facility (K-8) for up to 400 students but modified for K-6 and 260 students, along with significant additions and modifications to the existing structure. The Rocky Mountain Christian Church building was 50,000 square feet, and the 1997 application included a request for a two-story addition consisting of 53,960 square feet. The total square footage proposed by the applicant and approved by Boulder County is 103,960 square feet. According to the Assessor records, Rocky Mountain Church acquired 15 acres (per SE-84-34) in 1985, and subsequently acquired an adjoining 35 acres in 1994. Boulder County required that these two parcels be combined as a condition of approval for Docket SU-97-12.

SU-02-08: Staff Recommendation
BOCC – April 24, 2003
Page 4 of 8

Based on the site plan submitted by the applicant, the proposed modular unit will meet all required setbacks. Also, based on the elevation drawings submitted by the applicant, the modular unit will meet the 30-foot height limit. The Land Use Code requires one parking space for each 30 feet of worship area, plus any parking required for incidental uses. For kindergarten through middle school facilities, three parking spaces per classroom is required. The applicant was approved for a total of 787 parking spaces in 1997 for the church and school use. Staff finds that the existing parking will be adequate for the additional students and staff proposed. Of note, staff finds that there are twenty classrooms shown on the second floor (eight existing), and two preschool classrooms and two kindergarten classrooms shown on the first floor addition as approved in 1997.

(2)    **Will be in harmony with the character of the neighborhood and compatible with the surrounding area;**

The applicant had noted in 1997 that they acquired the adjoining 35-acre parcel on the west to provide a buffer area around their facility. The Church did not indicate any other uses on the 35 acres other than the new playing field. Staff finds that the existing structure is very visible from both Niwot Road and N. 95th Street. Staff had noted a concern with the proposed size and scope of the church and school expansion in 1997 and did not support the proposal. Staff finds that there are residential lots to the west (Quiet Retreat NUPUD), recently approved residential lots to the south (Niwot Hills TDR/PUD), and agricultural use surrounding the subject property to the north and east. In the 1997 Special Use review, the Land Use Department did not find that a 103,960 square-foot structure would be compatible with the surrounding area. The applicant is proposing a 10-plex wet classroom unit that will be approximately 7,200 square feet. Staff continues to find that additional square footage on the subject property will not be in harmony with the character of the neighborhood or compatible with the surrounding area. The applicant has indicated that they anticipate that they are just beginning to design and develop more plans, and that future expansion plans will be presented to Boulder County under a separate review, possibly including a multi-use community building and additional parking.

(3)    **Will be in accordance with the Boulder County Comprehensive Plan;**

The subject property is designated Agricultural Lands of National Importance. The Niwot Community Service Area Map shows that the subject property is outside of the Community Service Area Boundary Line, but the property is shown as Public/Quasi-Public Facilities to recognize the existing use of the property. Policy AG 1.03 of the County Comprehensive Plan states that it is the policy of Boulder County to encourage the preservation and utilization of those lands identified in the Agricultural Element as Agricultural Lands of National Importance for agricultural or rural uses. Staff finds that the proposal to expand the school use is not consistent with this policy.

(4)    **Will not result in an over-intensive use of land or excessive depletion of natural resources;**

The Land Use Department staff had found in 1997 that the proposal to more than double the square footage of the church building and significantly increase the parking area would result in an over-intensive use of land. Staff finds that the proposal to further increase development on the subject property will continue to result in an over-intensive use of land.

SU-02-08: Staff Recommendation
BOCC – April 24, 2003
Page 5 of 8

(5)    **Will not have a material adverse effect on community capital improvement programs;**

The County Transportation Department requested that a new traffic report be submitted. The applicant did provide a Traffic Impact Study that was prepared by LSC Transportation Consultants, Inc. and dated February 11, 2003. The report summarizes that the traffic impacts of the proposed expansion are moderate and can be accommodated by the adjacent network with minor improvements. The report notes that the southbound right-turn movement at the N. 95th Street/north site access is the only approach that warrants an auxiliary turn lane that already has an existing right-turn lane. No further public improvements will be required, which would have a material adverse effect on community capital improvement programs.

(6)    **Will not require a level of community facilities and services greater than that which is available;**

The Niwot Sanitation District notes that they will require the applicant to purchase one tap for the expansion. No service provider has indicated any conflicts with this proposal.

(7)    **Will not result in undue traffic congestion or traffic hazards;**

The County Transportation Department has reviewed the Traffic Impact Study prepared by LSC Transportation Consultants, Inc. and dated February 11, 2003, and finds the report to be acceptable. The Traffic Impact Study notes that the proposed expansion will increase the capacity of the school by up to 168 additional students and is expected to generate approximately 538 daily vehicle-trips, or 269 vehicles entering and 269 vehicles exiting the site on an average weekday. During the morning peak-hour, there will be 91 vehicles entering and 60 vehicles exiting. During the evening peak-hour, there will be 48 vehicles entering and 57 exiting. Access to the proposed expansion will occur from the two existing access points on N. 95th Street and one on Niwot Road. The report notes that the southbound right-turn movement at the N. 95th Street/north site access is the only approach that warrants an auxiliary turn lane that already has an existing right-turn lane. With regards to Docket SU-97-12, the Transportation Department recommended that the southern N. 95th Street access be closed during the week so cut-throughs need to weave through the site, thereby defeating the intent of the movement. They noted that additional on-site islands or other structures would also assist in the deterrence of cut-through movements. The applicant did develop a plan to mitigate cut-through traffic within the parking lot that was incorporated into the Development Agreement and is currently in place. Adequate signage was also placed in the right-in-right-out access to clearly delineate the potentially confusing turning condition.

(8)    **Will not cause significant air, odor, water, or noise pollution;**

The applicant is required to purchase an additional tap from Niwot Sanitation District and will comply with the requirements of both the Niwot Sanitation District and the County Building Division.

(9)    **Will not require amendment to the Regional Clean Water Plan;**

Staff finds that the proposal will not require amendment to the Regional Clean Water Plan.

SU-02-08: Staff Recommendation
BOCC – April 24, 2003
Page 6 of 8

(10)    **Will be adequately landscaped, buffered, and screened;**

The Land Use staff finds that the existing structure and parking area are visible from Niwot Road and N. 95th Street. The applicant did provide a significant berm with landscaping along Niwot Road to provide buffer and screening. The applicant notes that they will seed the immediate areas to the south and north of the modular unit with turf grasses to be used as play areas. No other new landscaping is proposed. Staff finds that the modular unit will be visible from the intersection of N. 95th Street and Niwot Road and from the residential development to the west. If approved, staff recommends that new trees be provided along the southeast and west side of the modular unit to provide for better screening. The applicant notes the exterior colors will blend with the exterior colors of the existing church building.

(11)    **Will not otherwise be detrimental to the health, safety, or welfare of the present or future inhabitants of Boulder County;**

The proposed expansion should not be detrimental to the health, safety or welfare of the present or future inhabitants of Boulder County. Staff further finds that with the submission of the standard Development Agreement, the application would meet the requirements of Article 19 for Site Specific Development Plan.

## SUMMARY / PLANNING COMMISSION:

The Land Use staff noted a concern with the proposed size and scope of the church and school expansion in 1997, finding that the Special Use (Docket SU-97-12) for requested additions that doubled the square footage for a total of 103,960 square feet and a 787-space parking lot were not compatible with the surrounding area and an over-intensive use of land. Staff did support the revised application for a 260-student school (K-5) with a condition that the applicants utilize the existing (50,000 sq.ft.) building. The Board of County Commissioners also noted concerns about the proposed additions in Docket SU-97-12, however, approved the request with conditions including a requirement that the 15-acre and 35-acre parcels be combined, and with a Conservation Easement on the northern portion of the 35-acre parcel. The Board also included the condition that the private school shall be limited to a maximum of 260 students.

The Land Use staff finds that there have been no substantial changes to the County Land Use Code or Comprehensive Plan since the review of the 1997 Special Use application. Therefore, staff continues to find that any further expansions are not in harmony with the character of the neighborhood or compatible with the surrounding area, and will result in an over-intensive use of land. The applicant has indicated that they anticipate that they are just beginning to design and develop more plans, and that future expansion plans will be presented to Boulder County under a separate review. They do know that a multi-use community building is needed that would be added to the current building, and that additional parking will be added. Staff is concerned that these future expansions will continue to be proposed and find that the current size and scope of the facility is the maximum that should be allowed on the subject property based on our review of the Special Use criteria. Staff finds Policy AG 1.03 of the County Comprehensive Plan states that it is the policy of Boulder County to encourage the preservation and utilization of those lands identified in the Agricultural Element as Agricultural Lands of National Importance for agricultural or rural uses. Staff finds that the proposal to expand the school use is not consistent with this policy.

SU-02-08: Staff Recommendation
BOCC – April 24, 2003
Page 7 of 8

The Planning Commission held a public hearing regarding this request on April 16, 2003. The applicants noted that they have allowed several non-profit community groups to use their facilities at no cost, and if this application is not approved, they may have to cut back on community use to allow their school use to continue. They noted that the building approved in 1997 is actually designed for 240 students, and that there is up to 40 students on the K-6 waiting list. They do not believe the existing building / classrooms are adequate for 7th and 8th Grades, even if they did not allow the community groups to use the facility. With the addition of 7th and 8th Grades, they are requesting a total of 380 students. They noted that approximately 42% of their students are members of their church, and that just over 50% of the students are coming from the St. Vrain Valley School District area. They noted that the modular unit would serve both the school and church use, and that they are up to approximately 2,100 people in attendance for Sunday services. They stated that they believe the proposal does meet the Special Use criteria noting that the school already exists on the property. They requested that if the temporary structure is permitted that they be allowed to keep it on site for up to five years, and suggested that additional trees would not be appropriate as the building would only be temporary. The applicants noted that they anticipate submitting a Special Use application for a more permanent facility within the next twelve months, and hope to also have a Master Site Plan developed for the property. Rosi Koopmann discussed a brief history of the property noting that the Conservation Easement line was established as a boundary for the Niwot area.

Several members of the Planning Commission noted concerns with the proposal including the need to see a Master Plan for the property before they could support any temporary facilities. Karen Berry recommended denial of the application primarily based on the lack of a master plan. Gerald Caplan seconded the motion stating that the Planning Commission had several concerns with the 1997 Special Use proposal noting that the proposal did not meet all of the criteria including not being compatible with the surrounding area and being an over-intensive use of land, and development was proposed on Agricultural Lands of National Importance. He also noted that the school serves a significant percentage of students that are not members of the church. Matthew Morrison suggested the school be limited to 6th Grade and that 7th-12th Grade students be sent to public schools in the area. The Planning Commission voted 6-0, with one abstaining, to deny the request.

## RECOMMENDATION:

Therefore, the Land Use staff and the Planning Commission recommend that the Board of County Commissioners **DENY** Docket **SU-02-08: ROCKY MOUNTAIN CHRISTIAN CHURCH** Special Use Review and Site Specific Development Plan.

Should the Board of County Commissioners be inclined to approve the application, staff recommends that the docket be subject to the following conditions:

1.  This approval does not provide any reliance to the applicants that any future application submitted to Boulder County for review will receive approval from Boulder County. The temporary modular unit shall be removed from the subject property within three months from the end of the 2005-2006 school year.

2.  The applicants are subject to all applicable County Building Division requirements for a building permit, and County Transportation Department requirements based on the Traffic Impact Study, prepared by LSC Transportation Consultants, Inc. and dated February 11, 2003.

SU-02-08: Staff Recommendation
BOCC – April 24, 2003
Page 8 of 8

3.    The applicants shall include native plants for landscaping, and shall provide additional trees along the southeast and west sides of the modular unit. The use of xeriscaping techniques is required to reduce water use and increase conformity with the surrounding vegetation. The final landscape plan shall be reviewed and approved by County staff prior to recording the Development Agreement. The applicants shall complete all of the revegetation and landscaping prior to the issuance of a Certificate of Occupancy from Boulder County, or provide an acceptable form of guarantee if weather is not conducive for installation of the required landscaping and revegetation within twelve months from the issuance of the Certificate of Occupancy.

4.    The applicants shall use earth tone colors similar to the existing church building. The color(s) must be approved by County staff at building permit, and prior to final inspection or issuance of a Certificate of Occupancy, the Land Use Department must inspect and verify the approved color is used on the new structure.

5.    Prior to the issuance of a building permit, one copy of the proposed lighting plan with details for all exterior lighting must be submitted to and approved by the Land Use Department. Exterior lighting must be down lighting to minimize glare as much as possible. Details submitted must indicate location of all exterior fixtures on site and on structures, and must include cut sheets (manufacturer's specifications with picture or diagram) of all fixtures. Lighting is restricted to outdoor entrances or exits, and only minimum parking lot lighting is allowed. Light poles cannot exceed twelve feet in height. Prior to final inspection or issuance of Certificate of Occupancy, the full installation of the approved lighting plan must be inspected and approved by the Land Use Department.

6.    The applicants shall provide a Development Agreement, to be reviewed and approved by County staff, prior to recordation.

7.    The applicants shall be subject to the terms, conditions and commitments of record and in the file for Docket SU-02-08: Rocky Mountain Christian Church.

G:\LUD\LUSHA\RED\DKTS\08BR.DOC