# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Robert E. Blackburn

Civil Case No. 06-cv-00554-REB-BNB

ROCKY MOUNTAIN CHRISTIAN CHURCH, a Colorado nonprofit corporation, et al.,

    Plaintiffs,

and

UNITED STATES OF AMERICA,

    Intervenor Plaintiff,

v.

BOARD OF COUNTY COMMISSIONERS OF BOULDER COUNTY, COLORADO,

    Defendant.

## ORDER DENYING PLAINTIFF'S MOTION IN LIMINE

**Blackburn, J.**

This matter is before me on the **Plaintiff's Motion in Limine to Exclude Evidence** [#154], filed October 16, 2007. The plaintiff filed a response. I deny the motion.

The plaintiffs argue that I should enter an order excluding from the trial in this case certain evidence in three categories. First, the plaintiffs argue that I should exclude any evidence concerning the facility operated by the plaintiffs in Frederick, Colorado. The plaintiffs' Boulder County facility, and not the Frederick facility, is the primary focus of this case. The plaintiffs argue that evidence concerning the Frederick facility is not relevant to any of the claims or defenses in this case. In addition, the plaintiffs argue that any probative value of such evidence is greatly outweighed by the

danger of unfair prejudice and confusion.  Second, the plaintiffs argue that I should exclude evidence of certain governmental interests asserted by the defendant as justification for certain actions taken by the defendant.  The plaintiffs argue that certain of the interests asserted by the defendants are not compelling governmental interests and that only compelling governmental interests are relevant to the claims at issue in this case.  Third, the plaintiffs argue that I should exclude "any evidence offered to show that (the defendant) used the least restrictive means to protect any of its alleged interests."  *Motion* [#154], filed October 16, 2007, p. 11.

On the current record, I conclude that evidence in the first category potentially is relevant to some of the claims pending in this case.  With regard to the second category, I conclude that proof of governmental interests other than compelling governmental interests likely is relevant to some of the claims in this case.  Third, I conclude that the defendant is entitled to present evidence to support its contention that it used the least restrictive means to protect its interests.  As to each of these three categories of evidence, I conclude that the issues raised by the plaintiffs in their motion in limine are evidence driven and cannot be resolved until evidence is presented at trial.[1]  Of course, no trial evidence yet has been presented and the evidentiary context of this case is uncertain.  The relevance of the evidence in question, and its potential to cause unfair prejudice or confusion, cannot be determined until the evidentiary landscape becomes clear at trial.

---

[1] I specifically discourage the filing of such motions in my Practice Standards.  REB Civ. Practice Standard V.F.

**THEREFORE, IT IS ORDERED** that the **Plaintiff's Motion in Limine to Exclude Evidence** [#154], filed October 16, 2007, is **DENIED**.

Dated September 22, 2008, at Denver, Colorado.

BY THE COURT:

s/ Robert E. Blackburn
Robert E. Blackburn
United States District Judge