**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 06-cv-00554-REB-BNB

ROCKY MOUNTAIN CHRISTIAN CHURCH,

      Plaintiff,

and

UNITED STATES OF AMERICA,

      Intervenor Plaintiff,

v.

BOARD OF COUNTY COMMISSIONERS OF BOULDER COUNTY, COLORADO,

      Defendant.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR PERMANENT INJUNCTION
& DIRECTING ENTRY OF JUDGMENT**

---

**Blackburn, J.**

      This matter is before me on the **Plaintiff's Motion for Permanent Injunction**

[#270][1], filed November 25, 2008. The defendant filed a response [#274] and the

plaintiff filed a reply [#284]. The defendant filed also a notice of supplemental authority

[#287]. I grant the motion in part and deny it in part. Further, I direct the entry

judgment in favor of the plaintiff on the jury's verdicts in favor of the plaintiff, and the

entry of judgment in favor of the defendant on the jury's verdicts in favor of the

defendant.

---

      [1] "[#270]" is an example of the convention I use to identify the docket number assigned to a
specific paper by the court's electronic case filing and management system (CM/ECF). I use this
convention throughout this order.

## I. JURISDICTION

I have subject matter jurisdiction under 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1343(a) (deprivation of federally protected rights and privileges), and 28 U.S.C. § 1367(a) (supplemental jurisdiction).

## II. BACKGROUND

This case was tried to a jury from November 3 to November 19, 2008. At the conclusion of the trial, the jury returned verdicts in favor of the plaintiff, Rocky Mountain Christian Church (RMCC), on three claims under the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA), 42 U.S.C. §§ 2000cc - 2000cc-5. Specifically, the jury found for the RMCC on the RMCC's claims under (1) RLUIPA's equal terms provision, § 2000cc(b)(1); (2) RLUIPA's substantial burden provision, § 2000cc(a); and (3) RLUIPA's unreasonable limitations provision, § 2000cc(b)(3)(B). The jury found in favor of the defendant on all other claims, including the RMCC's other claim under RLUIPA and the RMCC's claims alleging violation of the United States Constitution and the Constitution of the State of Colorado. The jury awarded no monetary damages to the RMCC.

In my **Order Denying Defendant's Renewed Motion for Judgment as a Matter of Law**, which is entered concurrently with this order, I have denied the BOCC's motion for judgment as a matter of law [#279]. In that motion, and in response to the RMCC's motion for permanent injunction, the BOCC has argued that it is entitled to judgment as a matter of law on the RMCC's successful claims under RLUIPA's equal terms, substantial burden, and unreasonable limitations provisions. The BOCC argues that certain affirmative defenses are applicable to these claims, and that the evidence presented at trial establishes those affirmative defenses. Those affirmative defenses

present questions of law for the court and, in my order denying the BOCC's motion for judgment as a matter of law, I conclude that the BOCC is not entitled to judgment based on those affirmative defenses.  In addition, I conclude in that order that the evidence presented at trial was sufficient to sustain the jury's verdicts and that the RLUIPA's equal terms, substantial burden, and unreasonable limitations provisions are constitutional as applied in this case.

The RMCC's claims in this case are based on the BOCC's partial denial of the RMCC's 2004 special use application.  In its 2004 special use application, the RMCC sought to expand its facilities from about 116,000 square feet to 240,800 square feet. The Church later modified its application to eliminate a proposed 12,000 square feet balcony addition to its sanctuary, reducing its request for additional seating from 1,000 to 150, and by eliminating a proposed 8,000 square feet basement addition.   The Church deleted also its request to increase the population of its school from 380 students to 540 students and modified other requests concerning parking, lighting, and a buffer zone on the western side of its property.  The BOCC denied most, but not all, of the RMCC's Special Use Application.

Based on the jury's verdicts in favor of the RMCC on three of the RMCC's claims under the RLUIPA, the RMCC now seeks a permanent injunction requiring the BOCC to approve the RMCC's 2004 special use application within 30 days, enjoining the BOCC from prohibiting the construction of the religious facilities described in the RMCC's 2004 special use application, and enjoining the BOCC from imposing any further substantial burden on the RMCC's religious exercise.

### III. STANDARD OF REVIEW & ANALYSIS

A party may obtain a permanent injunction if it proves: A) actual success on the merits; B) irreparable harm unless the injunction is issued; C) the threatened injury outweighs the harm that the injunction may cause the opposing party; and D) the injunction, if issued, will not adversely affect the public interest. *Fisher v. Okla. Health Care Auth.*, 335 F.3d 1175, 1180 (10th Cir.2003); *See also Prairie Band Potawatomi Nation v. Wagnon*, 476 F.3d 818, 822 (10th Cir. 2007). The RMCC has established each of these elements.

### A. Success on the Merits

Again, the jury found in favor of the RMCC on its claims based on RLUIPA's equal terms, substantial burden, and unreasonable limitations provisions. I have resolved the BOCC's claimed affirmative defenses, which presented issues of law, in favor of RMCC. I have concluded that the evidence presented at trial was sufficient to sustain the jury's verdicts, and I have resolved the BOCC's contention that RLUIPA's equal terms, substantial burden, and unreasonable limitations provisions are unconstitutional as applied in this case. I have concluded that these provisions are constitutional as applied in this case. The RMCC has established success on the merits of these three RLUIPA claims.

### B. Irreparable Harm

The violation of one's right to the free exercise of religion necessarily constitutes irreparable harm. *O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft*, 389 F.3d 973, 1008 (10th Cir. 2004). As detailed in my order denying the BOCC's motion for judgment as a matter of law, this case concerns primarily the RMCC's free exercise of religion as its free exercise is affected by the BOCC's land use decisions. The fact that

the RMCC's free exercise rights in this case are based on statutory claims under the RLUIPA rather than on constitutional provisions does not alter the irreparable harm analysis. **See, e.g., Kikumura v. Hurley**, 242 F.3d 950, 963 (10th Cir. 2001) ("courts have held that a plaintiff satisfies the irreparable harm analysis by alleging a violation of RFRA"); **Jolly v. Coughlin**, 76 F.3d 468, 482 (2nd Cir. 1996) ( "although plaintiff's free exercise claim is statutory rather than constitutional, the denial of the plaintiff's right to the free exercise of his religious beliefs is a harm that cannot be adequately compensated monetarily"). The RMCC has demonstrated irreparable harm.

### C. Balance of Harms

The harm suffered by the RMCC, impairment of its statutorily protected right to the free exercise of religion in the context of land use, is substantial. The BOCC argues that the harm it will suffer if the requested injunction is granted outweighs the harm suffered by the RMCC. The BOCC argues that the jury's verdicts demonstrate that the RMCC's special use application violates the Boulder County Land Use Code. As discussed in my **Order Denying Defendant's Renewed Motion for Judgment as a Matter of Law**, which is entered concurrently with this order, I do not agree with this contention. The record in this case does not demonstrate conclusively that the RMCC's special use application violates the land use code. The BOCC argues also that permitting the expansion proposed in the RMCC's special use application will cause the negative impacts predicted by certain witnesses who testified at trial. In fact, some witnesses at trial did testify that they anticipated certain negative impacts if the RMCC is allowed to expand its facilities as proposed in the special use application. Balanced against the RMCC's statutorily protected right to the free exercise of religion, I conclude that the balance of harms weighs in favor of the RMCC.

### D. Public Interest

As detailed in my **Order Denying Defendant's Renewed Motion for Judgment as a Matter of Law**, which is entered concurrently with this order, the RLUIPA is designed to ensure the enforcement of constitutional rights to the free exercise of religion in the land use context. "Vindicating First Amendment freedoms is clearly in the public interest." ***Pacific Frontier v. Pleasant Grove City***, 414 F.3d 1221, 1237 (10th Cir. 2005) (concerning First Amendment free speech rights). Generally, enforcement of such rights is considered to be in the public interest. The BOCC argues that an injunction that would require it to act contrary to its Land Use Code would not be in the public interest. Again, I disagree with the BOCC's contention that the record in this case demonstrates that the RMCC's special use application violates the applicable Land Use Code. I conclude that granting the injunction requested by the RMCC will not affect the public interest adversely.

### E. Scope of Injunction

The BOCC argues also that the injunction sought by the RMCC is overly broad. The BOCC notes that the RMCC seeks an order enjoining the BOCC from imposing any further substantial burden on the RMCC's religious exercise. I agree with the BOCC's contention that "(i)njunctions that broadly order the enjoined party simply to obey the law and not violate the statute are generally impermissible. ***N.L.R.B. v. U.S. Postal Service***, 486 F.3d 683, 691 (10th Cir. 2007) (Tymkovich, J. concurring and citing cases). To the extent the RMCC seeks such an injunction, its motion for permanent injunction is denied.

The BOCC argues also that not everything the RMCC requested in its special use application is necessary to alleviate an existing substantial burden on its religious

exercise. In addition, the BOCC notes that testimony at trial indicated that some of the expansion proposed in the RMCC's special use application was for anticipated future growth. To the extent the expansion anticipates future growth, the BOCC argues, permitting that expansion now is not necessary to alleviate a present burden on the RMCC's free exercise of religion.

I conclude that these arguments do not require that the injunction entered by this court be more narrow than the scope of the expansion proposed by the RMCC in its special use application. Even though some of the expansion proposed by the RMCC may not be needed immediately, a project of the size at issue here requires substantial advance planning. If the RMCC were required to substantiate its specific current needs as those needs arise, then the RMCC would be saddled with the burden of planning its expansion in a piecemeal fashion. Of course, such a requirement would impose a different burden on the RMCC, and likely would cause the RMCC to be treated differently than similar secular institutions. In the context of the RLUIPA's requirements concerning land use decisions affecting religious institutions, and the practical realities of planning the expansion of physical facilities of the type proposed by the RMCC, I conclude that an injunction requiring the approval of the RMCC's 2004 special use application is not overly broad.

**F. Conclusion**

In sum, the RMCC has demonstrated A) actual success on the merits; B) irreparable harm unless the injunction is issued; C) that the threatened injury outweighs the harm that the injunction may cause the opposing party; and D) that the injunction, if issued, will not adversely affect the public interest. Further, based on the record in this case, I conclude that an injunction requiring the approval of the RMCC's 2004 special

7

use application is not overly broad.  However, an injunction prohibiting the BOCC from imposing any further substantial burden on the RMCC's religious exercise would not be proper.

## IV.  RELATED ISSUES

In its first, second, and third claims for relief, as stated in the RMCC's **Amended Complaint and Jury Demand** [#25], filed May 12, 2006, the RMCC seeks relief under Colorado Rules of Civil Procedure 57 and106(a)(4).  In its claims under Rule 106(a)(4), the RMCC seeks an order declaring that the BOCC exceeded its jurisdiction and abused its discretion in denying the RMCC's special use application.  In its Rule 57 claim, the RMCC seeks a  declaration that the regulations governing the BOCC's review of the RMCC's special use application are "an impermissible delegation of legislative authority and may not be enforced against the Church" to deny its special use application.

In view of my conclusion that the RMCC is entitled to a permanent injunction requiring the BOCC to grant the RMCC's special use application, I deny the RMCC's claims under C.R.C.P. 57 and 106(a)(4) as moot.  Ultimately, the relief the RMCC might obtain if it succeeded on these claims is, essentially, the same as the relief it already has obtained in this case.

## V.  ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1.  That based on the jury's verdicts in this case, **JUDGMENT SHALL ENTER** in favor of the plaintiff, the Rocky Mountain Christian Church, and against the defendant, the Board of County Commissioners of Boulder County, Colorado, on the plaintiff's claims under a)  42 U.S.C. § 2000cc(b)(1), the equal terms provision of the Religious

Land Use and Institutionalized Persons Act of 2000 (RLUIPA), 42 U.S.C. §§ 2000cc -

2000cc-5;  b) 42 U.S.C. § 2000cc(a), the substantial burden provision of the RLUIPA;

and c) 42 U.S.C. § 2000cc(b)(3)(B), the unreasonable limitations provision of the

RLUIPA;

2.  That based on the jury's verdicts in this case, **JUDGMENT SHALL ENTER** in

favor of the defendant, the Board of County Commissioners of Boulder County,

Colorado, and against the plaintiff, the Rocky Mountain Christian Church, on the

plaintiff's claims under a) 42 U.S.C. § 2000cc(b)(2), the religious discrimination

provision of the RLUIPA; b) the First Amendment of the United States Constitution and

Article II, Section 4 of the Constitution of the State of Colorado, alleging violation of the

plaintiff's right to free exercise of religion; c) the First Amendment of the United States

Constitution and Article II, Section 4 of the Constitution of the State of Colorado,

alleging violation of the plaintiff's right to free speech; and d) the First Amendment of

the United States Constitution and Article II, Section 4 of the Constitution of the State of

Colorado, alleging violation of the plaintiff's right to freedom of association;

3.  That the plaintiff's claims under Colorado Rules of Civil Procedure 57 and

106(a)(4) are **DISMISSED** as moot,

4.  That the **Plaintiff's Motion for Permanent Injunction** [#270], filed November

25, 2008, is **GRANTED** in part;

5.  That the defendant, the Board of County Commissioners of Boulder County,

Colorado, is **PERMANENTLY ENJOINED** and **ORDERED** to approve the special use

application of the plaintiff, the Rocky Mountain Christian Church, identified in the

records of the defendant as Docket #SU-04-008, within 45 days of the date of this

order;

6.  That the **Plaintiff's Motion for Permanent Injunction** [#270], filed November 25, 2008, otherwise is **DENIED**;

7.  That the plaintiff is **AWARDED** its costs to be taxed by the Clerk of the Court pursuant to Fed.R.Civ.P. 54(d)(1) and D.C.COLO.LCivR. 54.1; and

8.  That any motion seeking an award of attorney fees as part of the costs to be awarded in this case **SHALL BE FILED** on or before **May 11, 2009**, and the filing of any response and reply shall be marshaled as required by D.C.COLO.LCivR 7.1.C.

Dated March 30, 2009, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge