IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00554-REB-BNB

ROCKY MOUNTAIN CHRISTIAN CHURCH, a Colorado nonprofit corporation,

Plaintiff,

and

UNITED STATES OF AMERICA, Intervenor,

Intervenor Plaintiff,

v.

BOARD OF COUNTY COMMISSIONERS OF BOULDER COUNTY, COLORADO,

Defendant.

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR STAY

Plaintiff Rocky Mountain Christian Church (the "Church"), through its undersigned counsel, submits its response to Defendant's Motion for Stay [#308] and state as follows:

1. Defendant Board of County Commissioners of Boulder County, Colorado (the "Board"), states that its motion is filed pursuant to F.R.C.P. 62(c), which addresses only stays of injunctions pending appeal. Nevertheless, in addition to requesting a stay of the injunction entered in this case, the motion also requests a stay of further proceedings or orders concerning attorneys' fees and costs.

2. The Church does not oppose a stay of the injunction provided the stay order contains certain conditions described below, and the Church does not oppose a stay of execution with respect to any judgments that may be entered for costs or

attorneys' fees. However, the Church adamantly opposes the request to stay further orders or proceedings to determining costs and attorneys' fees.

3. On March 30, 2009, this Court entered its Order Granting Plaintiff's Motion for Permanent Injunction & Directing Entry of Judgment [#300], and on March 31, 2009, the Court entered the Judgment [#301].

4. The Judgment permanently enjoined and directed the Board to approve the special use application of the Church within 45 days. The Judgment further awarded the Church its costs to be taxed by the clerk of the Court and directed that any motion seeking an award of attorneys' fees as part of the costs to be awarded be filed on or before May 11, 2009.

5. The clerk has previously taxed costs against the Board [#306], and on May 8, 2009, the Church filed its Motion for Attorneys' Fees and Nontaxable Costs [#311].

6. On April 30, 2009, the County filed a Notice of Appeal to the Tenth Circuit Court of Appeals and the Motion for Stay.

7. The Motion for Stay cites no authority with respect to its request for a stay of further proceedings or order concerning attorneys' fees and costs and offers no argument supporting the request.

8. Although F.R.C.P. 62(d) provides for an automatic stay of any money judgment upon posting of a bond, it provides no authority for a stay of proceedings to determine the entitlement to and amount of any award of attorneys' fees and costs.

9. The Church would be prejudiced by any stay of proceedings to determine its attorneys' fees motion for several reasons. First, a judgment for attorneys' fees is a money judgment, and the judgment creditor is entitled to interest pursuant to 28 U.S.C. § 1961. However, unless the fee award is mandatory, the right to interest runs only from the date of the fee judgment, not the merits judgment. *See* 10 James Wm. Moore, *Moore's Federal Practice* § 54.158[2][b] (3rd ed. 2009). Second, delay in considering the motion will create risks that evidence will be lost or that those most familiar with the matters relevant to the motion will no longer be available. Third, if an award of attorneys' fees were delayed until after the appeal, it would be subject to a potential second appeal, which would further delay the final outcome of this matter and would be contrary to the interest of judicial economy.

10. Once a judgment for attorneys' fees has been entered, the Church does not oppose a stay of execution with respect to such judgment without a supersedeas bond. Similarly, the Church does not oppose a stay of execution with respect to the previously entered award of costs without a bond.

11. The injunction entered by this Court directs the Board to approve a special use application for construction of facilities costing more than $20,000,000. While the Board's appeal is pending, it will be difficult, if not impossible, to obtain financing to proceed with the construction project.

12. Therefore, although the Church does not believe that the Board has made the requisite showing for obtaining a stay of an injunction, *see id.* at § 62.06[3] (injunction should be suspended pending appeal only upon showing of same factors

required to obtain an injunction), it does not oppose the requested stay provided it is made subject to two conditions.

13. The first condition is that the modular unit located upon the Church's property should be allowed to remain in place throughout the appeal and afterward until such time as the Church proceeds to build in accordance with either the injunction, if it is upheld, or the Board's' 2006 resolution authorizing the 10,000 square-foot replacement, if the injunction is reversed.

14. The second condition is that if the injunction is upheld following appeal, any interim changes to the Boulder County Land Use Code that would negatively impact the Church's rights with respect to the special use permit to be issued pursuant to the injunction should not apply to the permit.

15. Counsel for the Church has discussed the two suggested conditions with counsel for the Board and has been informed that the Board does not object to them.

WHEREFORE, the Church requests that the Court:

(a) deny the Motion for Stay to the extent that it seeks to stay further proceedings and orders with respect to attorneys' fees and costs;

(b) condition any stay of the injunction the Court might enter in the manner described above.

The Church does not oppose a stay of execution of any judgment for costs or attorneys' fees without a supersedeas bond.

Respectfully submitted this 8th day of May, 2009.

*s/ Thomas Macdonald*
Thomas Macdonald, #11394
Otten Johnson Robinson
 Neff & Ragonetti, P.C.
950 17th Street, Suite 1600
Denver, Colorado 80202
Telephone:  (303) 825-8400
FAX:  (303) 825-6525
E-mail:  mac@ottenjohnson.com

Eric C. Rassbach
Lori Windham
Becket Fund for Religious Liberty

Attorneys for Plaintiff
Rocky Mountain Christian Church

## CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on May 8, 2009, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

    dhughes@bouldercounty.org
    mgiaimo@rc.com
    dmerriam@rc.com
    tcarey@rc.com
    peter.bryce@usdoj.gov
    varudhini.chilakamarri@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participants in the manner indicated by the non-participant's name:

    Marci A. Hamilton, Esq. (US Mail)
    36 Timber Knoll Drive
    Washington Crossing, PA  18977

*s/ Margo Brown*
Margo Brown
Otten Johnson Robinson
 Neff & Ragonetti, P.C.
950 17th Street, Suite 1600
Denver, Colorado 80202
Telephone:  (303) 825-8400
FAX:  (303) 825-6525
E-mail:  mbrown@ottenjohnson.com