**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 06-cv-00554-REB-BNB

ROCKY MOUNTAIN CHRISTIAN CHURCH, a Colorado nonprofit corporation,

    Plaintiff,

v.

BOARD OF COUNTY COMMISSIONERS OF BOULDER COUNTY, COLORADO,

    Defendant.

## ORDER STAYING INJUNCTION AND EXECUTION PENDING APPEAL

**Blackburn, J.**

    This matter is before me on the **Defendant's Motion for Stay** [#308][1] filed April 30, 2009. The plaintiff filed a response [#312]. I grant the motion in part and deny it in part.

    On March 30, 2009, I entered an **Order Granting Plaintiff's Motion for Permanent Injunction & Directing Entry of Judgment** [#300]. Judgement was entered on March 31, 2009. The defendant filed a notice of appeal [#307] and now seeks a stay of the injunction pending appeal. In its response [#312], the plaintiff consents to the entry of a stay of the injunction with two conditions and a stay of execution on any judgment for costs and attorney fees. The plaintiff represents that the defendant does not object to the two conditions. I conclude that a stay on the terms proposed by the parties is merited.

---

[1] "[#308]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

Under FED. R. CIV. P. 62(c), I may "suspend, modify, restore, or grant an injunction on terms . . . that secure the opposing party's rights" while an appeal is pending from a final judgment that grants an injunction. Under the circumstances of this case, particularly as described in the present motion and response, a stay of the injunction pending appeal on the terms proposed by the parties would secure the plaintiff's rights while the defendant's appeal is pending.

The injunction concerns the approval by the defendant of a special use application for the construction of church facilities. The defendant represents that it will be "difficult, of not impossible, to obtain financing" for its project while the appeal is pending. *Response* [#312], p. 3. Given this circumstance, the plaintiff does not assert that a stay of the injunction pending appeal will impair the plaintiff's rights significantly. However, the plaintiff proposes that the stay include two conditions that will serve to secure the plaintiff's rights. First, the plaintiff proposes that the defendant permit the modular unit located on the plaintiff's property to remain in place throughout the appeal and afterward until such time as the plaintiff proceeds to build A) in accordance with the injunction, if it is upheld on appeal; or B) in accordance with the defendant's 2006 authorization of a 10,000 square-foot replacement of the modular unit. Second, the plaintiff proposes that if the injunction is upheld on appeal, then any interim changes to the Boulder County Land Use Code that would impact negatively the plaintiff's rights under the terms of the injunction would not apply to the special use permit that is to be issued under the terms of the injunction. Again, the defendant does not oppose these conditions on a stay of the injunction. I find and conclude that these conditions will serve to secure the plaintiff's rights pending appeal.

The defendant seeks also a stay of further proceedings or orders related to costs

and attorney fees. The plaintiff does not oppose a stay of execution on any judgments that may be entered for costs and attorney fees, but does oppose a stay of proceedings to resolve its claim for an award of attorney fees. The parties have stipulated to an award of costs. The plaintiff filed recently a motion for an award of attorney fees and non-taxable costs [#311]. I conclude that it is most efficient to resolve the issues presented in the plaintiff's motion for an award of attorney fees and non-taxable costs [#311] while the appeal is pending. Any appeal related to the issue of attorney fees and non-taxable costs then likely can be resolved as part of the present appeal. However, the parties have agreed to a stay of execution concerning any award of costs and attorney fees, and I agree that preservation of the status quo pending appeal is merited.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Defendant's Motion for Stay** [#308] filed April 30, 2009, is **GRANTED** in part;

2. That the permanent injunction ordered in my **Order Granting Plaintiff's Motion for Permanent Injunction & Directing Entry of Judgment** [#300], filed March 30, 2009, is **STAYED** until the defendant's appeal to the United States Court of Appeals for the Tenth Circuit is resolved fully;

3. That the defendant **SHALL PERMIT** the modular unit located on the plaintiff's property to remain in place throughout the appeal and afterward until such time as the plaintiff proceeds to build A) in accordance with the injunction, if the injunction is upheld on appeal; or B) the plaintiff proceeds to build in accordance with the defendant's 2006 authorization of a 10,000 square-foot replacement of the modular unit;

4. That if the injunction is upheld on appeal, then any interim changes to the Boulder County Land Use Code that would impact negatively the plaintiff's rights under

the terms of the injunction **SHALL NOT APPLY** to the special use permit that is to be issued under the terms of the injunction;

     5.  That any execution by the plaintiff based on any award in this case of costs or attorney fees is **STAYED** until the defendant's appeal to the United States Court of Appeals for the Tenth Circuit is resolved fully;

     6.  That otherwise the **Defendant's Motion for Stay** [#308] filed April 30, 2009, is **DENIED**.

     Dated May 12, 2009, at Denver, Colorado.

                                       **BY THE COURT:**

*[Signature: Bob Blackburn]*
Robert E. Blackburn
United States District Judge