IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Case No. 06-cv-00554-REB-BNB

ROCKY MOUNTAIN CHRISTIAN CHURCH, a Colorado nonprofit corporation

    Plaintiff,

and

UNITES STATES OF AMERICA, intervenor,

    Intervenor Plaintiff,

v.

BOARD OF COUNTY COMMISSIONERS OF BOULDER COUNTY, COLORADO,

    Defendant.

## ORDER CONCERNING MOTION FOR APPELLATE ATTORNEY FEES

**Blackburn, J.**

    This matter is before me on the **Appellee's Motion for Attorneys Fees** [#347][1] filed August 31, 2010. The motion was filed initially with the United States Court of Appeals for the Tenth Circuit and concerns attorney fees and costs incurred by the appellee, the Rocky Mountain Christian Church (RMCC), during an appeal of the judgment entered by this United States District Court after a jury trial. On August 10, 2010, the Tenth Circuit entered an order, docketed in this court as [#346-1], remanding the motion to this court "to determine the amount of fees and expenses to be awarded." The appellee's motion appears on this court's docket as [#347] filed August 31, 2010.

---

[1] "[#347]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

On August 31, 2010, the appellant, the Board of County Commissioners of the County of Boulder (BOCC) filed a response, which appears on this court's docket as [#348]. The BOCC does not contest that the RMCC is entitled to an award of reasonable attorney fees on appeal if the ruling of the Tenth Circuit in this case is not altered by the United States Supreme Court. The BOCC indicates that it may file a petition for writ of certiorari. In addition, and with the same caveat, the BOCC does not contest the amount of expenses sought by RMCC. The only contested issue, and the only issue remanded to this court by the Tenth Circuit, is what attorney fees and expenses are reasonable. I grant RMCC's motion.

## I. BACKGROUND

This case concerned a zoning dispute between RMCC and the BOCC. The background of this case is detailed in the Tenth Circuit's opinion and judgment resolving the BOCC's appeal. ***Rocky Mountain Christian Church v. Board of County Com'rs***, ___ F.3d ___, 2010 WL 2802757 (10th Cir. 2010). To summarize very briefly, after a jury trial conducted in this court, the jury returned a verdict in favor of RMCC and against the BOCC on three of RMCC's claims under the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA), 42 U.S.C. §§ 2000cc - 2000cc-5. Based on the jury's verdict in favor of RMCC on the three RLUIPA claims, I entered an order [#300] granting RMCC's motion for a permanent injunction.

The BOCC filed an appeal. In its appeal, the BOCC presented four constitutional challenges to the RLUIPA's so-called substantial burden provision, arguing that the substantial burden provision exceeds Congress's powers under Section 5 of the Fourteenth Amendment, and violates the Commerce Clause, the Tenth Amendment, and the Establishment Clause of the First Amendment. The BOCC

2

challenged also each of the three jury verdicts, arguing that the evidence presented at trial was not sufficient to support the verdicts. Finally, the BOCC challenged the propriety of the permanent injunction that I entered based on the jury's verdict in favor of RMCC on the three RLUIPA claims. In its order and judgment, the Tenth Circuit rejected the BOCC's constitutional challenges, upheld the jury's verdicts on the three RLUIPA claims, and affirmed the permanent injunction. ***Rocky Mountain Christian Church v. Board of County Com'rs***, ___ F.3d ___, 2010 WL 2802757 (10th Cir. 2010).

## II. STANDARD OF REVIEW

RMCC seeks, under 42 U.S.C. § 1988(b), an award of reasonable attorney fees and expenses incurred by the RMCC in the course of defending against the BOCC's appeal to the Tenth Circuit. Under 42 U.S.C. § 1988(b), "the court, in its discretion, may allow the prevailing party" on a RLUIPA claim "a reasonable attorney's fee as part of the costs . . . . " The purpose of an award of attorney fees under § 1988 is to ensure "effective access of the judicial process" for persons with civil rights grievances. ***Hensley v. Eckerhart***, 461 U.S. 424, 429 (1983); *see also **Gudenkauf v. Stauffer Communications, Inc.***, 158 F.3d 1074, 1081 (10th Cir. 1998); ***Metz v. Merrill Lynch, Pierce, Fenner & Smith***, 39 F.3d 1482, 1492 (10th Cir. 1994); ***Homeward Bound, Inc. v. Hissom Memorial Ctr.***, 963 F.2d 1352, 1355 (10th Cir. 1992). The award of fees is a two-step process. ***Hensley,*** 461 U.S. at 429-430; ***Jane L. v. Bangerter***, 61 F.3d 1505, 1509 (10th Cir. 1995). First, I must determine whether an applicant is a prevailing party. *Id.* Second, I must determine what is a reasonable fee. *Id.*

In this case, the first step of the analysis is resolved because the BOCC concedes that RMCC is the prevailing party and is entitled to an award reasonable

3

attorney fees under § 1988(b).[2] The Tenth Circuit concluded that "absent a change in the outcome on a writ of certiorari, the court finds that Rocky Mountain Christian Church is entitled to reasonable appellate attorney's fees and expenses in connection with this appeal, pursuant to 42 U.S.C. § 1988." *Order* [#346-1], p. 2.

If a plaintiff is determined to be the prevailing party, then I must determine what fee is reasonable. **Hensley**, 461 U.S. at 433, 103 S. Ct. 1933, 1939. "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." **Hensley**, 461 U.S. at 433; *see also **Ramos v. Lamm***, 713 F.2d 546, 552 (10th Cir. 1983). This figure is the lodestar amount. **Hensley,** 461 U.S. at 433; **Homeward Bound,** 963 F.2d at 1355. Additional factors relevant to a determination of the amount of an award of attorney fees are discussed below.

### III. REASONABLE ATTORNEY FEES

#### A. Lodestar Amount

Again, any determination of reasonable attorney fees starts with calculation of the lodestar amount, which is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. The United States Court of Appeals for the Tenth Circuit has recognized the lodestar amount as a presumptively reasonable fee. **Homeward Bound,** 963 F.2d at 1355.

In determining whether counsel spent a reasonable number of hours on a matter, I must consider several factors, including: (1) whether the amount of time spent

---

[2] As noted above, the BOCC may file a petition for writ of certiorari in this case. If the United States Supreme Court grants a petition for writ of certiorari and alters the Tenth Circuit's decision, then the Tenth Circuit will permit the BOCC to file a motion to recall the mandate and address the question of entitlement to appellate attorney fees. *Order* [#346-1], p. 3.

4

on a particular task appears reasonable in light of the complexity of the case, the strategies pursued, and the responses necessitated by an opponent's maneuvering; (2) whether the amount of time spent is reasonable in relation to counsel's experience; and (3) whether the billing entries are sufficiently detailed, showing how much time was allotted to specific task. **See Ramos v. Lamm**, 713 F.2d 546, 553-54 (10th Cir.1983), rev'd in part on other grounds, **Pennsylvania v. Delaware Valley Citizens' Council for Clean Air**, 483 U.S. 711 (1987). The Tenth Circuit has noted that "[c]ounsel for the party claiming the fees has the burden of proving hours to the district court by submitting meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks." **Case v. Unified School Dist. No. 233, Johnson County, Kan.**, 157 F.3d 1243, 1256 (10th Cir. 1998).

A "reasonable rate" is defined as the prevailing market rate in the community in question for an attorney of similar experience. **Blum v. Stenson**, 465 U.S. 886, 895 (1984); **Gudenkauf**, 158 F.3d at 1082; **Metz,** 39 F.3d at 1493. "Unless the subject of the litigation is 'so unusual or requires such special skills' that only an out-of-state lawyer possesses, 'the fee rates of the local area should be applied even when the lawyers seeking fees are from another area.'" **Jane L. v. Bangerter**, 61 F.3d 1505, 1510 (10th Cir.1995) (**quoting Ramos v. Lamm**, 713 F.2d 546, 555 (10th Cir. 1995)).

At trial and on appeal, RMCC was represented by the law firm of Otten, Johnson, Robinson, Neff, & Ragonetti (OJRNR). On appeal, RMCC also was represented by Kevin Baine and C.J. Mahoney of the law firm of Williams & Connolly LLP (WC), which is located in Washington D.C. Kevin Baine was lead counsel for RMCC during the appeal. In its response, the BOCC argues that the number of hours spent by RMCC's

attorneys in defending the appeal is not reasonable. In addition, the BOCC argues that the hourly rate charged by Kevin Baine is not reasonable. The BOCC argues that a reasonable fee award is 114,625 dollars, which equals 175 hours at 395 dollars per hour plus 175 hours at 260 dollars per hour. RMCC seeks an award of attorney fees of 207,630 dollars.

1. Reasonable Hours

Excluding time spent responding to the BOCC's petition for rehearing in the Tenth Circuit, RMCC seeks an award of attorney fees for 536.9 hours of attorney time spent defending against the BOCC's appeal. The BOCC argues that this number of hours is unreasonable for an appeal that required the RMCC to file a 68 page response brief and to present 13 minutes of oral argument. The BOCC contends that 350 hours, divided equally between associates and partners, is a reasonable amount of attorney time for RMCC's role in this appeal.

The BOCC notes that two attorneys who worked on the appeal, Kevin Baine and C.J. Mahoney, of Williams & Connolly, did not participate in the trial of this case. These two attorneys seek an award of fees for about 77 hours used to review the record, pleadings, and trial transcripts from proceedings in the district court. In addition, RMCC seeks an award of fees for about 39 hours spent by J. Thomas Macdonald, Esquire, reviewing the record of proceedings in the district court. Macdonald participated as trial counsel for RMCC. RMCC notes in its motion that the fees sought for work done by Williams & Connolly have been reduced by ten percent to account for the fact that Williams & Connoly did not serve as trial counsel. *Motion* [#347], p. 14.

As I noted in my order [#334] awarding attorney fees to RMCC based on proceedings in the district court,

> (t)his case involved complex issues of constitutional law and the
> intersection of those issues with local land use law. This complexity was
> enhanced by the overlay of the RLUIPA on those constitutional issues.
> The RLUIPA is a relatively new act, and the law concerning its application
> to particular factual situations is not well developed.

*Order* [#334], p. 6. The trial of this case lasted for ten days, not including the additional time for jury deliberations. On appeal, the issues raised by the BOCC concerned the constitutionality of certain provisions of the RLUIPA, the sufficiency of the evidence presented at trial in support of three of the RLUIPA claims on which the jury found in favor of RMCC, and the propriety of the permanent injunction that I entered based on the jury's verdicts in favor of RMCC on the three RLUIPA claims. The BOCC submitted the entire trial record, consisting of 21 volumes, as an appendix to its opening brief on appeal.

The issues presented on appeal were complex and concerned some areas of law that are not particularly well developed. Although many similar issues were presented in pretrial proceedings before me, on appeal many of these issues reasonably required additional analysis in view of the trial record. Notably, the BOCC challenged the sufficiency of the evidence supporting the three verdicts against the BOCC on three claims under the RLUIPA. As noted in the affidavit of Kevin Baine [#347-2], the BOCC's challenges to the sufficiency of the evidence necessitated a careful review of the record of a ten day jury trial to assess the evidence educed at trial. This was an inherently time consuming exercise that was required by the issues raised on appeal by the BOCC. Having considered the relevant factors described above, the nature of this case, and the nature of the issues presented in the appeal, I conclude that 536.9 hours of attorney time is a reasonable number of hours for the purpose of arriving at a lodestar amount. RMCC seeks an award of fees for an additional 33 hours

7

of attorney time spent responding to the BOCC's petition for rehearing. The BOCC does not challenge the reasonableness of these hours, and I conclude that 33 hours is a reasonable amount of attorney time for this task. Finally, I conclude that RMCC has submitted time records for its attorneys that are sufficiently detailed to review the reasonableness of the hours spent by RMCC's counsel on this appeal.

2. <u>Reasonable Hourly Rates</u>

Kevin Baine of Williams and Connolly seeks an award of attorney fees for his work at a rate of 547.32 dollars per hour. For the purpose of the present motion for an award of attorney fees, Baine is charging seventy percent of his customary hourly rate. The BOCC argues that this hourly rate is unreasonable. Baine seeks an award of attorney fees at this rate for the 206.75 hours he devoted to work on the appeal. However, Baine and C.J. Mahoney both have reduced their hourly rates by ten percent to account for the fact that they did not participate in the trial and, thus, were required to spend additional time becoming familiar with the trial record. Baine and Mahoney do not apply this ten percent discount to the time they spent responding to the BOCC's petition for rehearing.

RMCC argues that Baine's hourly rate is in line with rates charged by leading firms in the Denver market for similar work. RMCC argues also that, given the complexity of this case and the specialized nature of many of the legal issues, it was reasonable for RMCC to retain an experienced First Amendment appellate litigator, Baine, to serve as lead counsel on appeal.

To determine a reasonable hourly rate for Baine, I must consider the nature of this case, the prevailing market rate for attorneys in the Denver area of similar skill and experience, the extent to which RMCC needed specialized legal skills possessed by

Baine, and, to the extent such skills are not available in the Denver area, the prevailing market rate for attorneys with such specialized skills. At trial and on appeal, this case presented many esoteric issues of constitutional law and issues concerning the RLUIPA that involved areas of the law that are not well developed. I conclude that it was reasonable for RMCC to seek an attorney with specialized knowledge and skills in the areas of constitutional law, including the First Amendment, and appeals in the federal courts of appeal. Baine possesses such skills.

The record indicates that partners in the Denver market charge rates as high as 750 dollars per hour, although the circumstances under which such rates are charged are not stated in the record. *Motion* [#347], Affidavit of L. Martin Nussbaum, ¶ 26. Nussbaum concludes that Baine's hourly rate is "on the higher end of the range of typical Denver market rates" for such lawyers. *Id*., ¶ 27. The BOCC contends that the average partner billing rate among Denver's three largest law firms, in 2008, was 414 to 424 dollars per hour. *Response*, p. 6. Baine reports that the Tenth Circuit has compensated him at his full hourly rates in five appeals he pursued in the Tenth Circuit in recent years. *Motion* [#347], Affidavit of Kevin T. Baine*,* ¶ 5. The specific hourly rates for which the Tenth Circuit approved compensation are not stated in the record.

I conclude that, even in the context of the Denver market, Baine's hourly rate of 547.32 per hour is reasonable, considering Baine's specialized skills and RMCC's need for such skills in defending the appeal in this case. Therefore, I find and conclude that Baine's hourly rate of 547.32 dollars per hour for the work he performed on this case is a reasonable hourly rate. The BOCC does not challenge the reasonableness of Mahoney's hourly rate, 260.74 dollars per hour, or Macdonald's hourly rate, 395 dollars

per hour. I conclude that Mahoney and Macdonald's hourly rates are reasonable in the context of this case.

3. Lodestar Calculation

Given my conclusions above, I calculate the lodestar amount as follows. I note, again, that Kevin Baine and C.J. Mahoney have discounted the total of the fees they request for work on the appeal by ten percent to account for the fact that they were not trial counsel and were required carefully to review the trial record while representing RMCC on appeal. I have applied this ten percent discount by reducing the proposed hourly rate of Baine and Mahoney by ten percent. RMCC proposes, reasonably, that this ten percent discount is not applicable to work done by Baine and Mahoney in responding to the BOCC's petition for rehearing.

**Kevin T. Baine** - 200.25 hours (appeal) times an hourly rate of 492.588 dollars equals 98,641 dollars. 6.5 hours (response to petition for rehearing) times an hourly rate of 547.32 dollars equals 3,558 dollars. TOTAL = 102,199 dollars.

**C.J. Mahoney** - 220.25 hours (appeal) times an hourly rate of 234.666 equals 51,685 dollars. 20.25 hours (response to petition for rehearing) times and hourly rate of 260.74 equals 5,280 dollars. TOTAL = 56,965 dollars

**Thomas Macdonald** - 122.7 hours times an hourly rate of 395 dollars equals 48,466 dollars. TOTAL = 48, 466 dollars

**GRAND TOTAL** = 207,630 dollars

10

B. Other Factors

"The product of reasonable hours times a reasonable rate does not end the inquiry. There remain other considerations that may lead the district court to adjust the fee upward or downward . . . ." **Hensley v. Eckerhart**, 461 U.S. 424, 434 (1983). I conclude that three additional factors must be considered in determining a reasonable fee in this case. First, I must consider the nature of the results obtained. **Hensley v. Eckerhart**, 461 U.S. 424, 434 (1983). Second, I must examine the significance of the legal issue presented by the case. **Barber v. T.D. Williamson, Inc.**, 254 F.3d 1223, 1231 (10th Cir. 2001). Third, I must examine the broad effect of the litigation in accomplishing a public goal. *Id*. at 1231 - 1232.

1. Results Obtained

Addressing this factor, I must consider two questions. "First, did the plaintiff fail to prevail on claims that were unrelated to the claims on which he succeeded? Second, did the plaintiff achieve a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award?" **Hensley v. Eckerhart**, 461 U.S. at 434. On appeal, RMCC prevailed on all of the challenges presented by the BOCC. RMCC successfully defended the constitutionality of the challenged provisions of the RLUIPA, the propriety of the three jury verdicts in its favor, and the propriety of the permanent injunction granted in favor of the RMCC, which injunction remedies the violations of the RLUIPA that were established at trial. Given this level of success on appeal, I conclude that the hours reasonably expended by RMCC's appellate counsel constitutes a satisfactory basis for making a fee award. This factor weighs in favor of an award of attorney fees, but does not weigh significantly toward a higher or lower award than the

award indicated by my calculation of the lodestar figure.

### 2. Significance of Legal Issue

The Tenth Circuit views this factor as going beyond the relief actually awarded, which is the focus of the first factor, which examines the extent to which the plaintiff succeeded on its theory of liability. **Barber v. T.D. Williamson, Inc.**, 254 F.3d 1223, 1231 (10th Cir. 2001). RMCC's theories of liability at trial were reticulated and intertwined. In the end, RMCC established that the BOCC violated the RLUIPA when the BOCC treated the RMCC unequally, as compared to a similarly situated secular institution, and when the BOCC imposed both a substantial burden and unreasonable limitations on RMCC, in violation of the RLUIPA. On appeal, the RMCC's theory of liability was that the jury's verdicts on each of the three RLUIPA claims had an adequate foundation in the evidence, that the RLUIPA sections in question are constitutional, and that the permanent injunction I issued following the jury's verdicts was appropriate. On appeal, the RMCC was completely successful in defending its theory of liability against the BOCC's challenges. This factor weighs in favor of an award of attorney fees, but does not weigh significantly toward a higher or lower award than the award indicated by my calculation of the lodestar figure.

### 3. Public Goal

This factor requires that I examine the broad effect of the litigation in accomplishing a public goal. **Barber v. T.D. Williamson, Inc.**, 254 F.3d 1223, 1231 - 1232 (10th Cir. 2001). A "public goal is accomplished if the plaintiff's victory encourages attorneys to represent civil rights litigants, affirms an important right, puts the defendant on notice that it needs to improve, and/or provokes a change in the

12

defendant's conduct." *Id*. at 1232. The **Barber** court cautioned, however, that this factor should not be construed too liberally. *Id*. at 1233.

The RLUIPA was designed to ensure the protection of underlying First Amendment rights concerning religion. In this case, RMCC's success affirmed important rights because it affirmed certain aspects of RMCC's rights to exercise its religion. The relief obtained by RMCC will, no doubt, provoke a change in the defendant's conduct because the BOCC has been required to approve RMCC's special use application, which was the subject of this litigation. Conceivably, RMCC's victory will encourage attorneys to represent civil rights litigants in similar cases. This factor weighs in favor of an award of attorney fees, but does not weigh significantly toward a higher or lower award than the award indicated by my calculation of the lodestar figure.

### 4. Conclusion

Considering these three factors together, I conclude that these factors weigh in favor of an award of attorney fees, but do not weigh significantly toward a higher or lower award than the award indicated by my calculation of the lodestar figure.

### C. Conclusion

Having considered the relevant factors in the context of this litigation, I find and conclude that an award of attorney fees in the amount of 207,630 dollars is reasonable. Thus, under § 1988, I award RMCC attorney fees in that amount.

## IV. EXPENSES

RMCC seeks an award of 9,822 dollars for expenses incurred during the proceedings in the Tenth Circuit. The BOCC concedes that this amount is reasonable. I agree. Therefore, I award RMCC 9,822 dollars for expenses.

## V. CONCLUSION & ORDERS

Under 42 U.S.C. § 1988, RMCC is a prevailing party in the appeal of this case to the Tenth Circuit. For the reasons discussed above, I find and conclude that under § 1988, RMCC is entitled to an award of 207,630 dollars in reasonable attorney fees and 9,822 dollars in reasonable expenses.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Appellee's Motion for Attorneys Fees** [#347] filed August 31, 2010, is **GRANTED**;

2. That under 42 U.S.C. § 1988, the plaintiff, Rocky Mountain Christian Church, is **AWARDED** reasonable attorney fees in the amount of 207,630 dollars;

3. That under 42 U.S.C. § 1988, the plaintiff, Rocky Mountain Christian Church, is **AWARDED** 9,822 dollars in reasonable expenses;

4. That if the Board of County Commissioners of Boulder County, Colorado does not file a petition for writ of certiorari in this case with the United States Supreme Court, then the Board of County Commissioners **SHALL PAY** these amounts to the plaintiff, Rocky Mountain Christian Church, within 60 days of the expiration of the deadline for the filing of a petition for writ of certiorari with the United States Supreme Court in this case;

5. That, in the alternative, if the Board of County Commissioners of Boulder County, Colorado files a petition for writ of certiorari in this case with the United States Supreme Court, then the Board of County Commissioners **SHALL PAY** these amounts to the plaintiff, Rocky Mountain Christian Church, within 60 days of any denial by the United States Supreme Court of the petition for writ of certiorari;

6. That, in the alternative, if the United States Supreme Court grants a petition for writ of certiorari filed by the Board of County Commissioners of Boulder County, Colorado in this case, then the Board of County Commissioners **SHALL PAY** these amounts to the plaintiff, Rocky Mountain Christian Church, within 60 days of the issuance of any opinion by the United States Supreme Court upholding, in toto, the judgment of the United States Court of Appeals for the Tenth Circuit in ***Rocky Mountain Christian Church v. Board of County Com'rs***, ___ F.3d ___, 2010 WL 2802757 (10th Cir. 2010);

7. That, in the alternative, if the United States Supreme Court grants a petition for writ of certiorari filed by the Board of County Commissioners of Boulder County, Colorado in this case and ultimately alters the judgment of the United States Court of Appeals for the Tenth Circuit in ***Rocky Mountain Christian Church v. Board of County Com'rs***, ___ F.3d ___, 2010 WL 2802757 (10th Cir. 2010), then the Board of County Commissioners **MAY FILE** with the United States Court of Appeals for the Tenth Circuit a motion to recall the mandate and address the question of entitlement to appellate attorney fees, as permitted by the order of the Tenth Circuit which is docketed in the above-captioned case as [#346-1] filed August 10, 2010;

8. That, in the alternative, if the United States Supreme Court grants a petition for writ of certiorari filed by the Board of County Commissioners of Boulder County, Colorado in this case and ultimately alters the judgment of the United States Court of Appeals for the Tenth Circuit in ***Rocky Mountain Christian Church v. Board of County Com'rs***, ___ F.3d ___, 2010 WL 2802757 (10th Cir. 2010), but the Board of County Commissioners does not file with the United States Court of Appeals for the

Tenth Circuit a motion to recall the mandate and address the question of entitlement to appellate attorney fees, within 30 days of the issuance of the Supreme Court's opinion in this case, then the Board of County Commissioners **SHALL PAY** these amounts to the plaintiff, Rocky Mountain Christian Church, within 60 days of the issuance of the Supreme Court's opinion in this case.

Dated September 13, 2010, at Denver, Colorado.

**BY THE COURT:**

*Bob Blackburn*
Robert E. Blackburn
United States District Judge